E-FILED
Tuesday, 19 October, 2004 09:43:27 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

DISTRICT OF ILLINOIS

MICHAEL TOLBERT #N-03507 )
                  Plaintiff        )
            vs                     )        CASE NO.    04-1256
                                   )
MR. G. GERBERDING #3066 )                   RECEIVED
                                   )
MS. SHERRY HILE                    )        JUL 23 2004 10:30AM
         Defendants                )
                                            JOHN M. WATERS, Clerk
                                            U.S. DISTRICT COURT          U.S. CLERK'S OFFICE
                    COMPLAINT       CENTRAL DISTRICT OF ILLINOIS          URBANA, IL

RECEIVED
AUG - 2 2004
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

I Plaintiff michael Tolbert, a prisoner in custody of the Illinois Department of Corrections (IDOC) file a Pro-se Complaint under 42 U.S.C. §1983 alleging that Defendants inflicted Cruel and unusual Punishment, Retaliation, and Discrimination upon him in violation of the First, Eight and Fourteenth Amendments to the United States Constitution while acting under the Color of State Law. "IS sued in their Individual capacity".

        I. PLAINTIFF:

        A. michael Tolbert #N-03507

        B. Title: Inmate

        C. Address: Pinckneyville Correctional Center, 5835 State Route 154 Pinckneyville, Il 62274.

        II. DEFENDANTS:

        A. Mr. G. Gerberding #3066

        B. Title: Officer

        C. Place of Employment: Pontiac Correctional Center, P.O. Box-99, Pontiac, Il 61764;

        B. Ms. Sherry Hile,

        Title: Chairperson of the Administrative Review Board,

        Place of Employment: Administrative Review Board, 1301 Concordia Court/P.O. Box 19277, Springfield, Il 62794-9277:



## III. LITIGATION HISTORY

A. Plaintiff have not brought any other lawsuits in state or federal court dealing with the same facts involved in this case.

B. Plaintiff have brought other lawsuits in state and federal courts while incarcerated.

C. Plaintiff has filed (3) Three Habeas and (3) Three Civil Rights years ago and does not have the information concerning them any more.

D. PARTIES TO PREVIOUS LAWSUIT:

Michael Tolbert V. Jackson, et al

Court: United States District Court Northern District of Illinois

Docket Number: 03 C 8948

Judge: Ruben Castillo

Type of Case: Civil Rights action

Disposition of Case: Dismissed

Date: December 17, 2003;


Michael Tolbert V. Kenneth R. Briley

Court: United States District Court Northern District of Illinois

Docket Number: 04 C 1812

Judge: Ruben Castillo

Type of Case: Civil Rights action

Disposition of Case: Still Pending

Date of filing march 4,2004 (march 9,2004):

## IV. GRIEVANCE PROCEDURE

A. There is a Prisoner Grievance Procedure in the institution.

B. I have Presented the facts relating to this complaint through the Grievance Process which is now completed.

②



## V. STATEMENT OF CLAIM

1. Plaintiff is at present within the custody of the Illinois Department of Corrections, housed at the Pinckneyville Correctional Center in Pinckneyville, Illinois. His identification #N-03507. Prior to his incarceration at Pinckneyville and at all times relevant to this Complaint, Plaintiff was housed at the Pontiac Correctional Center in Pontiac, Illinois.

2. The acts and omissions upon which this Complaint is based took place at the Pontiac Correctional Center.

3. On September 16, 2003 Plaintiff exercised his _first amendment Right_ and filed an institutional Grievance with Counselor concerning Defendant Gerberding #3066 Intentionally Denying Plaintiff Yard. See Exhibit-A Committed Person's Grievance.

4. On September 17 2003 the Defendant Gerberding #3066 Conspired with Officer Burger, on a Disciplinary Report Claiming he observed Plaintiff violating an alleged Department Rule in Retaliation for Plaintiff filing a Grievance on him. See Exhibit-B Disciplinary Report.

5. On October 2, 2003 the Defendant Gerberding #3066 take it upon himself without being instructed by his Supervisor and _Retaliated_ and Confiscated Plaintiff Zenith Color T.V # 421-401 40 395. See Exhibit-C Shakedown Record/Confiscated Contraband.

6. Plaintiff was Transfered from Stateville Correctional Center Segregational unit I House to Pontiac Correctional Center Segregational unit on March 21, 2003.

7. While in Pontiac Correctional Center Segregational units from 21, 2003 to October 5, 2003 Plaintiff had used

③

the Segregational unit Law Library over (10) Ten Different occasion and had never been <u>STRIPPED SEARCHED</u> going or coming Back from the Law Library because there was not the Pontiac Correctional Center Segregation Libraries Policy and Procedure See Exhibit D #4. "Library materials Shall be used in the designated area only. Security Staff Shall Search each offender upon leaving the library cell to ensure that no library materials have been Removed."

8. On October 3, 2003 Plaintiff Received two (2) Court Summons from the Clerk of the Circuit Court of will County on the 3 toll Shift by C/o MR. G. Jones, That Lad been cut in half by mail Room when opening mail.

9. On October 6, 2003 Plaintiff Spoke with Defendant Gerberding #3066 concerning going to the General Law Library to Prepare two (2) New Land written Summons Since Plaintiff was no Longer in Segregation Status but Still Leld in the Segregation unit until Transfer.

10. Defendant Gerberding then Stated this Request was out of the Question.

11. Plaintiff then Requested Defendant Gerberding #3066 to notify Lieutenant MR. S. Punke, need to go to the Law Library which Defendant Gerberding #3066 Stated Le would.

12. Defendant Gerberding #3066 Came back and Stated the Lieutenant S. Punke, Claim Le could do nothing for Plaintiff.

13. Plaintiff then Spoke with Counselor MS. Gragert, who was making Ler Counselor rounds on W 3 Gallery and Plaintiff informed Ler concerning Plaintiff Legal issue and She informed Plaintiff She would Speak with Staff about at

(4)

lease getting Plaintiff to the Segregation Law Library.

14. about an Hour and a half goes by after speaking with the counselor and no one has said anything to Plaintiff, so Plaintiff asked Defendant Gerberding #3066 to Give Plaintiff (5) five Grievances forms.

15. He, Gerberding #3066 return about 20 minutes later with the Grievances forms and stated that he is going to take Plaintiff to the segregation law library.

16. once Plaintiff came out the cell Defendant Gerberding #3066 toke Plaintiff to the Shower and told Plaintiff he had to be STRIPPED SEARCHED before entering Law Library and when Plaintiff leave Law Library, This conduct was in further Retaliation for Plaintiff filing Grievance on Defendant Gerberding #3066, To Harass Plaintiff and to Deter Plaintiff from filing futur Grievances against Defendant Gerberding #3066 because nobody wont to be STRIPPED SEARCHED to go to the Law Library, Especially when it does not apply to the other Segregation Inmates in the EAST and WEST Segregation units nor is it written Policy or Procedures!

17. Plaintiff then informed Defendant Gerberding #3066 "that for the past five months Plaintiff have never been STRIPPED SEARCHED going or coming from the Segregation Law Library nor have Plaintiff heard any inmate from the EAST OR WEST Segregation units claim they was STRIPPED SEARCHED Prior to going to the Segregation Law Library.

18. Defendant Gerberding #3066 then showed his Deliberate Indiffence to Plaintiff First, Fourthteenth and Eight Amendment Rights by out Right Lying to Plaintiff that his action of



_STRIPP SEARCHING_ Plaintiff was in compliance with Department Policy.

19. Plaintiff was forced to _STRIPP SEARCH_ in order to use the Segregation Law Library to Exercise his first amendment Right to the court.

20. When Plaintiff went back to Plaintiff cell Plaintiff Looked at the Pontiac Department Policy Rule Book Concerning the Segregation Law Library Policy and Procedures and nothing _AUTHORIZED_ the Defendant Gerberding #3066 to _STRIPP SEARCH_ Plaintiff Prior to the use of the Segregation Law Library or When Leaving it. See Exhibit - D  Pontiac Correctional Center Segregation Libraries Policy and Procedure.

21. Defendant Gerberding #3066 _DISCRIMINATED_ against Plaintiff by _STRIPP SEARCHING_ Plaintiff and not other inmates who also used the Segregation Law Library. See Exhibit - E Affidavit where meeka Aresaba #B65519 Clearly States he has never been _STRIPPED SEARCHED_ by Defendant Gerberding #3066 or anyone while going or coming from the Segregation Law Library.

22. The Defendant Gerberding #3066 in Retaliation for Plaintiff filing a Grievance on him, Knew or Should have Known that by making Plaintiff _STRIPP SEARCH_ Prior to going to the Segregation Law Library was Cruel and unusual Punishment to Single Plaintiff out without Penological Justification and it's Punishment "grossly Disproportionate to the Severity of a Crime".

Which in this Case there was no Crime or offense Committed by Plaintiff.

(6)

23. Plaintiff then filed an institutional Grievance with the Grievance officer on October 6, 2003 informing them "I am filing this Grievance Direct to Grievance office because I am being Transfered out on 10-8-03 and wont be here to foreward to your office later." See Exhibit-F Committed Person's Grievance

24. while in Pinckneyville Correctional center Plaintiff received Grievance back unprocess with this memorandum dated 10-8-03. See Exhibit-G memorandum .

25. Plaintiff then filed this Grievance Directly to the Administrative Review Board who is suppose to be a _FACT_ finding Board on November 25, 2003.

26. on December 1, 2003 the Defendant Sherry Hile, who was the chairperson who Personally Reviewed the Grievance and Contacted the Defendant Gerberding, #3066 "This office contacted officer Gerberding on December 1, 2003 regarding this issue. Officer Gerberding stated that Department Policy states that an inmate will be Strip Searched both before and after leaving the Segregation law library. Officer Gerberding stated that he did Strip Search inmate Tolbert before his entrance into the Segregation law library. He stated that he was not the officer who Strip Searched inmate Tolbert upon leaving the library and was told by another officer that inmate Tolbert was ready to go. Officer Gerberding believed the officer's Statement to mean that inmate Tolbert was Strip Searched and Ready to return to his cell."

27. The Defendant Hile, showed her Deliberate Indifference to Plaintiff First, Eight and Fourteenth amendment Rights when she spoke with Defendant Gerberding #3066 and he acknowledged

⑦



and Confirmed Plaintiff allegations mention in the Grievance Concerning the _STRIP SEARCH_, But Claimed the _STRIP SEARCH_ was _PROCEDURES_.

28. Even though Plaintiff had made Clear to the Defendant Hile, In the Grievance that The _STRIP SEARCH_ was in _REPRISAL_; That Plaintiff hadn't been _STRIP SEARCHED_ in 5 five months of using the Segregation Law Library Prior to filling a Grievance on Defendant Gerberding #3066.

29. _INSTEAD_ of Defendant Hile, acting as a Fact Finding Board and Reviewing the Segregation Law Library Policy and Procedures OR Speak with the Assistance warden of Programs which would have Clearly Shown and Confirmed that Inmates are not _STRIP SEARCHED_ when going OR Returning from the Segregation Law Library! See EXHIBIT-D Pontiac Correctional Center Segregation Libraries Policy and Procedure #4 "Library materials Shall be used in the designated areas only. Security Staff Shall Search each offender upon leaving the library cell to ensure that no library materials have been removed".

30. But instead Defendant Hile, allowed the Defendant Gerberding #3066 to Provide willful and knowingly false Information to her and She Condoned Gerberding #3066 action of violating Plaintiff First, Eight and Fourteenth amendment Rights and Denied Plaintiff Grievance based on this _FALSE_ Information from Defendant Gerberding #3066. See EXHIBIT-H Illinois's Department of Corrections Latter Dated December 1, 2003.

31. The Defendant Hile, had the authority to correct this misconduct of the Defendant Gerberding #3066 But Chose to Support it.

⑧

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Michael Tolbert Respectifully Request that this Court award him Compensatory Damages in the Amount of $50,000.00 from each named Defendant in their Individual Capacity, and Punitive Damages or Such Other and further Relief as this Court Deems Just.

### VII. JURY DEMAND

A. YES.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE

I, the undersigned, Certify to the best of my knowledge, information and belief, that this complaint is in fact full compliance with Rule 11 (a) and 11 (b) of the Federal Rules of Civil Procedure. The undersigned also Recognizes that failure to comply with Rule 11(a) and 11(b) may Result in Sanctions, monetary or non-monetary, Pursuant to Federal Rule of Civil Procedure 11 (c).      The Plaintiff hereby requests the court issue all appropriate service and/or notices to the Defendants.

Signed this 17, day of June, 2004.      Michael Tolbert #0350)
Pinckneyville Correctional Center
P.O. Box-999
Pinckneyville, Ill 62274

STATE OF ILLINOIS )
                  )ss
COUNTY OF PERRY )

### AFFIDAVIT

### RULE 222(b) OF ILLINOIS SUPREME COURT RULES

The undersigned hereby Certify that the Total money Damages Sought in this cause of action does Exceed $50,000.00.

Subscribed and Sworn to before me this ___85___ day of ___June___ 20_04_.

Colleen A. Rennison

OFFICIAL SEAL
COLLEEN A. RENNISON
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-20-2006

NOTARY

Michael Tolbert
Michael Tolbert

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

035239
ω 307

| Date: 9-16-03 | Committed Person: (Please Print) Michael Tolbert | ID#: N-03507 |
|---|---|---|
| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Pontiac C.C. | |

**NATURE OF GRIEVANCE:** *EXHIBIT A*

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): *WILFUL KNOWNINGLY DENIAL OF YARD*

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report       Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ORIENTATION MANUAL PAGE 21, IMPART "All movement outside of the cell is on an activity schedule, therefore, it should be relatively easy to anticipate when You will be leaving Your cell and Box is required to be under Your bed prior to departing the cell or movement WILL NOT BE PERMITTED". On 9-15-03 at about 2:00 PM Grievant receive an Illinois Department of Corrections letter, dated 9-11-03 from Nancy S. Tucker Chairperson of Inmate issues informing Grievant that he was to be released from segregation due to the Reversal of the Finding of Guilty by the Adjustment Committee.

**Relief Requested:** A Grievant is Seeking the sum of 250.00 Dollars for the 2 and a half Hour Yard Willfully and knowningly Denying Grievant Yard.

- [ ] Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Michael Tolbert_      N-03507      9/16/03
Committed Person's Signature      ID#      Date

(Continue on reverse side if necessary)

| **Counselor's Response (If applicable)** | |
|---|---|
| Date Received: 9, 30, 03 | [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: If you was going to go to yard and are eligible, you must be in compliance at the time yard is called. Your relief requested can not be addressed through the grievance process.

J Crozer           9.30.03
Print Counselor's Name      Counselor's Signature      Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance   [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

_____      _____ / _____ / _____
Chief Administrative Officer's Signature      Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

On this same date 9-15-03 at about 5:00Pm Grievant was Removed from W-#12 cell to W-307 cell by C/O mr. Clark.

On 9-16-03 at about 7:00 Am C/o mr. G. Gerbering #3066 who was assigned Three (3) gallery was counting.

When he Completed his gallery count he asked Grievant when he came on gallery? and Grievant informed him yester day evening, he then asked for Grievant I.D card which Grievant gave to him.

Grievant then informed this C/O mr. Gerbering #3066 that he was Requesting to go to the Yard.

C/o mr. Gerbering #3066 then Responded that Grievant could not go to the Yard because Grievant was still in Jumpsuit and need Blue Pant and shirt to go the Yard because Grievant was no longer in Segregation.

Grievant then informed C/o mr. Gerbering #3066 that Grievant was Requesting to see the Lieutenant or Sergeant of the unit Concerning Grievant Yard, which he (Gerbering) Responded they are not going to come up hear to speak with you concerning the Yard.

Grievant then informed this officer that Grievant want his Yard time and if Grievant couldn't go to the Regular Yard do to the Jumpsuit, Grievant was willing to go to the Segregation Yard Pad for Grievant Yard.

C/o mr. Gerbering #3066 then Stated You are not in Segregation any more therefore Grievant Couldn't go to the Segregation Yard Pad!

At about 7:55 Am Grievant notice C/o Gerbering #3066 Leting out for the Yard on 3 gallery and two (2) inmates with bright yellow Jumpsuits was coming down the gallery and Grievant asked one of these two (2) inmates was he going to the Yard and Replied Yes!

When the Yard line Returned I notice this same inmate Return from the Yard.

Grievant then asked C/o mr. Gerbering #3066 was there any written Rules and Procedures Concerning the Jumpsuits and the Blues Clothing on Three (3) gallery dealing with the Yard? and C/o Gerbering #3066 then Stated No.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: 10 / 7 / 03    Date of Review: 10 / 29 / 03    Grievance # (optional) 036239

Committed Person: Talbert Michael    ID#: N 03507

Nature of Grievance: Staff Conduct: Denied Yard

Facts Reviewed: Offender Talbert states he was denied yard on 9.16.03. The reason offender Talbert states was given was that he (Talbert) only had a segregation jumpsuit to wear. The offender had been released from segregation the previous evening.

The Counselors response states that if an offender is going to yard and are eligible, they must be in compliance at the time yard is called.

This Grievance Officer contacted Yo Genberding, the segregation release officer. He stated every effort was made to aquire the appropriate clothing for seg release offenders. However, R+D could not provide the clothes until after the set time for yard. Therefore, Offender Talbert was not in compliance.

Recommendation: Based on a total review of all available information it is the recommendation of this Grievance Officers that the offenders grievance be DENIED, as the offenders allegations of staff misconduct are not substantiated.

Lori Kennon
Print Grievance Officer's Name          Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: _____    ☑ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

Chief Administrative Officer's Signature                    10 / 31 / 0?
                                                            Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Michael Talbert
Committed Person's Signature          N-03507          11 / 8 / 03
                                      ID#               Date

Printed on Recycled Paper

for the yard line. This Grievance Officer confirmed and concurs with the Counselor's response





**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

December 1, 2003

Michael Tolbert
Register No. N03507
Pinckneyville Correctional Center

Dear Mr. Tolbert:

This is in response to your grievance received on November 26, 2003, regarding Staff Conduct (C/O Gerberding 9/16/03), which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

You grieve the fact that Officer Gerberding denied your yard privilege because you were still wearing a segregation jumpsuit. You state you had just been released and did not have anything else to wear.

The Grievance officer's report (035239) and subsequent recommendation dated October 29, 2003 and approval by the Chief Administrative Officer on October 31, 2003 have been reviewed.

Per the Grievance officer's report, Officer Gerberding was contacted and stated that every effort was made to acquire the appropriate clothing. Unfortunately, R&D could not provide the clothes until after the time allotted for yard. Inmate Tolbert was in non-compliance and therefore could not attend yard.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. Charges of staff misconduct could not be substantiated. It is, therefore, recommended the grievance be denied.

FOR THE BOARD:  _____
Sherry Hile
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden, Pinckneyville Correctional Center
Michael Tolbert, Register No. N03507
Chron. File

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

EXHIBIT - B

Page ____ of ____

☐ Disciplinary Report _____    ☐ Investigative Report _____
Date                                                                          Date

Committed Person: Talbert          No. N03507          Facility: Pontiac C.C.

Observation Date: 09/17/03    Time: 5:30 am/pm    Location: WCH 319

PRINT Employee's Name: To Benson N56 / K Smith

Employee's Signature/Date/Time: To Benson N56 / 09/17/03 1:50 pm

Offense: 504 B  310 Abuse of Privileges 403 Disobeying a direct order 404 Violation of rules C/W items dated 01-01-02

Observation: On the above date and time the I/O gave Talbert N03507, who was conducting a
legal review in WCH 319 to stop yelling to WCH 115 in a loud, disruptive tone. Offender
continued to yell to WCH 115. I/O Gerberding positively I.d'd Talbert N03507 as to yelling down
to WCH 115 and knows offender by face and name. Offender is in violation of WCH memo dated
01-01-02 excessive noise. Offender resides in WCH 307 and was in WCH 319 for the purpose
of a legal review only. E.O.R.

Witnesses, if any: I/O Gerberding 3066

**NOTE:** Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement    ☐ Investigative Status    Reasons: _____

_____    _____
PRINT Name                                                  Shift Supervisor's Signature and Date
                                                            (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer    Comment: _____

_____    _____
PRINT Name                                                  Signature/Date

☒ **MAJOR**, submitted to Adjustment Committee    ☐ **MINOR**, submitted to Program Unit

MAJOR   F.   MELVIN                              name I Melvin    9-17-03
PRINT Name                                       Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)    PRINT Name                    Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material
such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned
along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by
filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to
prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may
be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Committed Person Refused to Sign ☐

_____
Committed Person's Signature and Number          SR2

PRINT Serving Employee's Name    Serving Employee's Signature    7/17/03    7:30 am/pm
                                                                 Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

**SHAKEDOWN RECORD/CONFISCA  CONTRABAND/** *EXHIBIT – C*
(Tag/Receipt/Report/Chain-of-Custody Record)

Date_____ Time_____ Bldg/Area_____

Living Area #_____ Occupied? Yes_____ No_____

Violator_____ No._____

Was Any Contraband Found? Yes_____ No_____

Item(s) Description and Circumstances of Discovery)_____

_____

_____

_____

_____

_____

_____

Witness_____

Was a Disciplinary Report Written? Yes_____ No_____

Was an Incident Report Written? Yes_____ No_____

Employee's Signature_____

Badge No._____ Date_____ Time_____

Supervisor - Date Received_____ Time_____

Major_____ Minor_____ Signature_____

Disposition_____

Date_____ Time_____ Initials_____

Custodian - Date Received_____ Time_____

Major_____ Minor_____ Signature_____

Chain-of-Custody After the Custodian has Received the Item

From_____ To_____

Date_____ Time_____

From_____ To_____

Date_____ Time_____

From_____ To_____

Date_____ Time_____

From_____ To_____

Date_____ Time_____

Final Disposition_____

Date_____ Custodian's Initials_____

DC 252 (Rev. 6/87)  IL 426-0042

cc: 1 With Item (Tag); 2 Supervisor; 3 Employee; 4 Disciplinary Report; 5 Violator



$EXHIBIT-D$

3.  Library Services to Condemned Unit/Hospital

   a.  Legal services are provided to these units by a paralegal. Offenders needing legal services should write to the library explaining exactly what information is needed.

   b.  Photocopies are provided at .05 cents per page.

   c.  General library services are provided to these units by the Library Technical Assistants. Any offender wishing to obtain general reading books must write to the MAX library. A list of books and a request form will be sent upon request. Offenders will be allowed to check out two books for two weeks at a time. Offenders will be charged for any damaged or unreturned books.

H.  Pontiac Correctional Center Segregation Libraries Policy and Procedure

   1.  The institution shall provide a secure area within the segregation units such as a segregation cell or other enclosed area to house law library materials. The cell shall be equipped with shelving, a chair, and a work area such as a table or desk.

   2.  The cell shall contain the legal materials enumerated in a list supplied and updated as necessary by the Department Coordinator of Library Services in consultation with the legal staff or approved equivalents. Legal forms shall be made available to segregation offenders upon request. A list of legal forms and titles of materials maintained in the general law library shall also be available.

   3.  Library staff shall write prominently on the books simple alphanumeric codes indicating the location of each book.

   4.  Library materials shall be used in the designated areas only. Security staff shall search each offender upon leaving the library cell to ensure that no library materials have been removed.

   5.  The offender will be allowed to bring with him to the segregation law library cell no more than 20 sheets of paper, on which he may have already written his research notes, and a segregation pen. An offender will not be allowed to bring with him any other items. Under no circumstances should an offender be allowed in the segregation law library cell with any smoking materials.

   6.  Institution library staff shall inventory each library cell collection at least once per month.

   7.  Where it is determined that items are missing or destroyed from the collection (and not found in the possession of any offender in the unit), the reporting employee shall prepare an Incident Report documenting that fact, and shall notify the institutional library staff in writing. The library shall order a replacement copy of that volume periodically but not less than biannually.

SDA 28

8.    Institution library staff shall place updated materials in the library cells as the updates are received from the publisher. They shall also remove obsolete or replaced materials from the collection when updated materials are received. The library staff shall maintain an inventory of each library cell.

*Remove out dated material*

9.    The Law Library cell shall be available for use according to a schedule established by the Chief Administrative Officer. The number of requests made by offenders to use the library cell and actual usage of the cell shall be reviewed by a paralegal periodically, but no less than biannually. The paralegal and E.F.A. shall make recommendations to the Warden regarding the necessary changes in library cell availability in accordance with the results of the review.

10.    Offenders may request access to the library cell by filling out a request for library cell time form which will be provided to the offender by the cellhouse security staff. The request for library cell time shall be sent to the institutional library to be reviewed by the paralegal staff. The senior paralegal or a paralegal assigned shall review each request for library cell time to determine if the reason for the use of the library cell is to research issues dealing with the offender's challenges to their criminal conviction or sentence, either directly or collaterally or challenges to the conditions of their confinement. The paralegal shall attempt to give priority to offenders who have statutory, statute of limitations or court imposed deadlines.

11.    Upon return of the request for library cell time to the cellhouses the cellhouse command staff shall schedule those offenders that are approved by the paralegal staff, the command staff shall attempt to give priority to offenders that the paralegal staff determines should have priority.

12.    The schedule of library cell time should generally allow for a minimum of two-hour blocks of access time, absent security or operational problems. Offenders will be allowed a reasonable amount of library cell time to conduct legal research and to prepare legal documents. The schedule of library cell time should allow for a minimum of two hour blocks of time, absent security or operational problems. Offenders who are required to meet verified deadlines in connection with pending or contemplated litigation may request extra library cell time by sending a request to the paralegal.

13.    The library staff shall monitor usage of the collection and the nature of requests for materials from the main library annually, or more frequently as determined necessary, and shall make recommendations about additions to or deletions from the library cell collections to the Department Coordinator of Library Services, who shall confer with the legal staff.

14.    A log book shall be maintained, indicating the offender's name and number and the time he entered and exited the library cell.

15.    An offender must submit a written request to the main library to receive any or all of the following:

*Obtain legal material*

a.    Loaned or personal copy of a specific case or statute. In the event an inaccurate citation is provided, an effort shall be made to obtain the desired material, where possible.

b.    Subject/topic research request.

SPA 26

c.    Specific court forms, instructional packets or blank fill-in form motions or pleadings from the library files which are not available in the library cells.

d.    Assistance in drafting initial pleadings if appropriate staff determine that the offender is not capable of doing so without assistance and the offender is not represented by an attorney in the case for which he seeks assistance.

16.    The offender should indicate the order of priority when requesting large amounts of copies if the order of priority is different than the order in which the materials are listed. The library shall fill the request in priority order in a manner which will not interfere with the operation of the library or its provision of services to other offenders. Offenders may be charged a reasonable amount for copies. The library will not copy any non-legal items.

17.    Offenders who abuse library cell privileges or destroy library cell materials shall be disciplined in accordance with Department Rule 504, Subpart A.

18.    Offenders may be denied access to the library cell if found guilty of a disciplinary offense related to the use of the library cell for a period determined appropriate by the Chief Administrative Officer. This determination shall be based, among other matters, on the severity of the offense, whether the offense impaired other offenders' access to the library cell, and whether the offender has been found guilty of other disciplinary offenses related to use of the library cell. Library cell privileges may not be denied permanently; and in the administration of discipline for abuse of the library cell, the offender's verified court statute of limitations or statutory deadlines shall be taken into account. Where access to the library cell is being denied for more than 90 days or where the offender has a court, statutory or statute of limitations deadline during the period during which library cell access will be denied, an alternative means of access to legal materials or assistance shall be reviewed with the department coordinator of library services who shall confer with the legal staff.

19.    Offenders may be required to pay restitution for replacement or repair of stolen, destroyed, or damaged library materials.

20.    Notary services shall be available to segregation offenders at no charge, for legal documents only. Each cellhouse should have at least one person available, preferably the cellhouse clerk, to notarize documents for offenders.

21.    Library staff shall visit the segregation units on a regular basis but no less frequently than once per week.

Nothing herein shall be construed to require law library services regarding matters other than those related to challenges to an offender's sentence or conviction, either directly or collaterally, or conditions of confinement, or after the preparation and filing of initial pleadings.

All requests for library services must be signed by the name that is listed on OTS as your name. If the request contains a name other that your OTS name the request shall be returned to you. The only signature that will be notarized is your OTS name.

SPA 28

EXHIBIT-E

AFFidAvit

I, MeeKA AresA6A being first duly sworn under oath
depose and state that the foregoing is true and correct
and made upon my personal Knowledge, and I am con
petent too testify thereto.

That on March 19, 2003 I was transfered too Pontiac
C.L. segregation unit from March 19, 2002 untill January
16-2004, while there I was never stripped searched
going of coming from the segregation law library.

From the month of 4-09-03 too 1-16-04 I was assigned
too the west cell house in cell 108, first floor and
officer mr Gerberding was assigned this first floor and at
No time that I went too the law library when Gerber
ding was on Duty that I was never stripped searched
going or coming from the law library

_Meeka Aresaba_ B6ss19
AFFiAnt

Subscribed and sworn to before me this 30
Day Jan, 2004,

Colleen
Notary Public

OFFICIAL SEAL
COLLEEN A. RENNISON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-20-2006



*Direct to Grievance officer because I am being transferred out on 10-9-03 in to want be here to forward to your office later.*

*EXHIBIT-F*

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**COMMITTED PERSON'S GRIEVANCE**

W 307

| Date: 10-6-03 | Committed Person: (Please Print) MICHAEL TALBERT | ID#: N-03507 |
|---|---|---|

| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Pontiac C.C. |
|---|---|

**NATURE OF GRIEVANCE:** " REPRISAL "

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [✓] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [✗] Other (specify): SEXUAL MISCONDUCT
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Disciplinary Report: ____/____/____
  Date of Report       Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 10-3-03 Grievant Received two (2) Court Summons from the Clerk of the Circuit Court of will County on the 3-11 Shift by C/O mr. S. Jones, that had been cut in half by the mail room when opening mail (Legal mail):

On 10-6-03 Grievant spoke with C/O mr. Gerberding's # 3:11 Concerning mail from staff "DESTROYING" two (2) Legal Summons that was REQUIRED" to be filled out and Returned. Grievant made it clear that Grievant need to go to the Pontiac Law Library to Prepare a new hand written Summons and Petition to Notify Court, what happen to the

**Relief Requested:** Grievant is Requesting that this C/O G. Gerberding's # 3:11 be Disciplined:

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Talbert | N-03507 | 10, 6 ,03 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

| | | ____/____/____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: ____/____/____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

| | ____/____/____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

---

Distribution: Master File; Committed Person      Page 1 of 4      DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

Original Summons.

MR. Gerberding #3066 then stated he would inform Lieutenant MR. S. Funke.

MR. Gerberding #3066 then come back and stated that Lieutenant MR. S. Funke, stated there was nothing he could do. Grievant then asked C/O Gerberding #3066 that would he then inform Lieutenant MR. S. Funke, could Grievant use the segregation Law Library to attempt to prepare a hand written Summons and a petition to notify court what happen to the original Summons sent to Grievant.

C/O Gerberding #3066 stated he would.

After about twice goes by without hearing from C/O Gerberding #3066, the Counselor MRS. BASSETT, was walking her rounds on N.3 Gallery and Grievant informed her counselor Grievant Legal issue and she informed Grievant she would speak with staff about at least getting Grievant to the segregation Law Library.

About an hour and a half goes by and no one has said anything to Grievant, so Grievant ask C/O Gerberding #3066 to give Grievant 5 five Grievances forms.

He, Gerberding #3066 return about 30 minutes later with the Grievances forms and stated that he is going to take Grievant to the segregation Law Library, once Grievant come out Counselor Gerberding #3066 take Grievant to the Shower and told Grievant he had to be stripped searched before entering Law Library and when Grievant Leave Law Library.

Grievant then informed this officer "that for the past five months Grievant has never been strip searched going to c/o Coaming from the Law Library in segregation nor have Grievant heard on Inmate from the Unit or what Unit Claim, they was stripped searched prior to going to the Law Library (segregation,) or returning from.

C/O Gerberding #3066 then stated these are the Procedures.

Grievant Removed his shirt and Gerberding #3066 stated that Grievant Just Pull Pants and underwear down.

Once Grievant did this he, Gerberding #3066 instructed Grievant to turn around and then it was over.

Grievant was then taken to the west Law Library N3 cell. once Grievant had cope the Summons Form Down Grievant was removed from the Law Library cell west N3 Gerberding #3066 and returned to Grievant cell N307 without being stripped searched as he had alleged was Procedures.

Grievant wish to point out that Grievant is Not a Segregation inmate Nor is Not Staff member in the Unit or N3 House.

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: | Committed Person:<br>(Please Print) | | ID#: |
|---|---|---|---|
| Present Facility: | | Facility where grievance<br>issue occurred: | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ Other (specify): _____
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____ / _____ / _____    _____
          Date of Report                                Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: _is Stripp Switching Inmates going to the segregation law library or coming from it !_

_Grievant is being sexual harrass by c/o Gerberding #306 in "REPRISAL" because of Grievant filed a Grievance Dated 9-10-03 concerning Staff Conduct and Denial of Yard o_

_Grievant wish to further point out that Inmate LECHUGA B34081 in w 312 is on court writ from menard Co c who has been on w 312 for over a month and uses the segregation jail library as well as the general law library and he has never been made to Strip Search_

Relief Requested: _____

_____

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Committed Person's Signature                  ID#                    Date
(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date<br>Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to<br>Administrative Review Board, P.O. Box 19277,<br>Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____    _____    ___/___/___
Print Counselor's Name            Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date<br>Received: ___/___/___ | Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance<br>☐ No; an emergency is not substantiated.<br>Committed person should submit this grievance<br>in the normal manner. |

_____    ___/___/___
Chief Administrative Officer's Signature        Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

Prior to using the law library in segregation of when he return from using the segregation law library.

I could

I, michael Talbott nieson declare under PENALTY OF PERJURY that I shall place this grievance in the mail to the grievance officer on october 7, 2003.

michael Talbott nieson

### COUNSELOR MS. GREBERT

Once you put your counselor response on this grievance please foreward it to the grievance officer because I would/will be transfered off of Pontiac by the time you response to this grievance!

Thank you  -Micheal Talbot

C.C. offender micheal Talbott

**Illinois**
Department of
**Corrections**

*EXHIBIT - G*

**Rod R. Blagojevich**
Governor

**Roger E. Walker, Jr.**
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## MEMORANDUM

DATE:    10/8/03

TO:    TOLBERT    # N 03507    Cell PNK

FROM:    Grievance Officer
Pontiac Correctional Center

SUBJECT:    Attached Grievance: STAFF CONDUCT (10/6/03)

Date Received: 10/8/03

The attached is being returned for the reason(s) listed below:

X    Contact your Correctional Counselor

_____    Use proper Committed Person's Grievance (DOC 0046)

_____    Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred

_____    Forward grievance directly to the Administrative Review Board (protective custody, enforced medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director)

_____    Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further

_____    Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____    Illegible copy submitted – submit legible copy for consideration.

_____    Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

_____    Issue has been previously addressed on _____. Nor justification for further consideration

_____    Contact the Record Office with you request and/or additional information (sentence calculations, jail credits, etc.)

_____    Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency parole violation issues, etc.)

_____    Other: _____





**Illinois**
**Department of**
# Corrections

$EXHIBIT-H$

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

December 1, 2003

Michael Tolbert
Register No. N03507
Pinckneyville Correctional Center

Dear Mr. Tolbert:

This is in response to your grievance received on November 25, 2003, regarding Staff Conduct (C/O Gerberding 10/6/03), which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

You are grieving the issue that on October 6, 2003 you were stripped searched by Officer Gerberding before entering the segregation law library and were not searched when you came out. You state in your grievance that Officer Gerberding told you that you would have to be searched both times and since you were not, you allege that Officer Gerberding is harassing you.

This office contacted Officer Gerberding on December 1, 2003 regarding this issue. Officer Gerberding stated that Department policy states that an inmate will be strip searched both before and after leaving the segregation law library. Officer Gerberding stated that he did strip search Inmate Tolbert before his entrance into the segregation law library. He stated that he was not the Officer who strip searched Inmate Tolbert upon leaving the library and was told by another Officer that Inmate Tolbert was ready to go. Officer Gerberding believed the officer's statement to mean that Inmate Tolbert was strip searched and ready to return to his cell.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. Charges of staff misconduct could not be substantiated. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Sherry Hile
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:  Warden Karen McKinney, Pinckneyville Correctional Center
     Michael Tolbert, Register No. N03507
     Chron. File

RECEIVED

JUL 23 2004

U.S. CLERK'S OFFICE
URBANA, IL

IN THE

*U.S. District court Central District of Illinois, Danville Division*

MICHAEL TOLBERT ___ )
Plaintiff )
            )        Case No. _____
            )
        v.  )
            )
            )
MR. G. GERBERDING #3066 )
Defendant MR. SHERRY HILE

---

## PROOF/CERTIFICATE OF SERVICE

TO:   *CHIEF JUDGE*
*U.S. District court Central District of Illinois, Danville Division*
*P.O. BOX 786*
*Danville, Illinois 61832*

PLEASE TAKE NOTICE that on *July 3*, 20*04*, I have filed with the U.S. Mail through the *Pinckneyville* Correctional Center the following documents, properly addressed to the parties above: *appointment of counsel, Forma Pauperis and Civil Complaint*.

I further declare, under penalty of perjury, that I am the Plaintiff in the above action, that I have read the above documents, and that the information contained therein is true and correct. 28 USC 1746 and 18 USC 1621.

DATE: *JULY 3, 2004*

/s/ *Michael Tolbert*
NAME: *Michael Tolbert*
IDOC#: *N-03507*
*Pinckneyville* Correctional Center
P.O. BOX *999*
*Pinckneyville*, IL *62274*

Form Revised 11/1/01