E-FILED
Thursday, 02 December, 2004  03:10:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TOLBERT,
   Plaintiff,

   vs.                         No. 04-1256

G. GERBERDING, et.al.,
   Defendants

ORDER

This cause is before the court for merit review of the plaintiff's complaint and consideration of the plaintiff's renewed motion for appointment of counsel. [d/e 11]

The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro se plaintiff participated in the merit review by telephone conference call.

The plaintiff, Michael Tolbert,  filed his lawsuit pursuant to 42 U.S.C. §1983 against two defendants: Officer G. Gerberding and Administrative Review Board Chairperson Sherry Hite. The plaintiff says his constitutional rights were violated at Pontiac Correctional Center.

The plaintiff says on September 16, 2003, he filed a grievance concerning Defendant Gerberding denying the plaintiff yard time.   The plaintiff says after he filed the grievance, the defendant began a campaign of retaliation which included: 1) conspiring with Officer Burger to write a false disciplinary ticket; 2) taking the plaintiff's television on October 2, 2003; 3) denying the plaintiff access to the law library; 4) forcing the plaintiff to undergo a strip search and interfering with his legal mail.

The plaintiff claims the conduct of the Defendant Gerberding violated his First, Eighth and Fourteenth Amendment rights.  The plaintiff says Defendant Hite was on the Administrative Review Board and refused his grievances even though she knew that Officer Gerberding was retaliating against him.

The court finds that the plaintiff has adequately alleged that the defendants retaliated against the plaintiff for exercising his First Amendment rights.   The plaintiff has not stated a violation of his Eighth or Fourteenth Amendment rights.  The court notes that if the plaintiff was attempting to claim that the strip search also violated his equal protection rights, he has failed to state a claim upon which relief can be granted.   "A person bringing an action under the Equal

Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Huebschen v. Department of Health and Social Services, 716 F.2d 1167, 1171 (7th Cir. 1983). The plaintiff's complaint fails to identify that he is a member of a particular class or the defendants discriminated against him because of that membership.

Lastly, the court finds that the retaliation claim is against the defendants in their individual capacities only. Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

The plaintiff has also filed a renewed motion for appointment of counsel. [d/e 11] Appointment of counsel is not warranted in this case. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. It should additionally be noted that the court grants pro se litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied pursuant to Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981). See also Merritt v. Faulkner, 697 F.2d 761 763 (7th Cir. 1983) and Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

IT IS THEREFORE ORDERED that:

1) The plaintiff has adequately alleged that Defendants Gerberding and Hite retaliated against the plaintiff for exercising his First Amendment rights. The claim is against the defendants in their individual capacities only. Any official capacity claims or claims pursuant to the Eighth or Fourteenth Amendment are dismissed for failure to state a claim upon which relief can be granted.

2) This cause is set for hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 24, 2005 at 1:30 p.m. by telephone conference call. The clerk is to issue a writ for the plaintiff's participation in the conference call.

3) The plaintiff's motion for appointment of counsel is denied. [d/e 11]

Entered this 2nd day of December, 2004.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE