IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL TOLBERT #N-03507, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-1256 |
| | ) |
| MR. G. GERBERDING #3066 | ) |
| MS. SHERRY HILE | ) |
| | ) |
| Defendants. | ) |

## ANSWER

NOW COME the Defendants, DALE GERBERDING and SHERRY HILE, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answer and raise affirmative defenses against the allegations in the Plaintiff's Complaint, stating as follows:

## STATEMENT OF CLAIM

1.  Allegation
    Plaintiff is at present within the custody of the Illinois Department of Corrections, housed at the Pinckneyville Correctional Center in Pinckneyville, Illinois. His identification #N-03507. Prior to his incarceration at Pinckneyville and at all times relevant to this Complaint, Plaintiff was housed at the Pontiac Correctional Center at Pontiac, Illinois.

    Answer
    Defendants admit Plaintiff is presently within the custody of the Illinois Department of Corrections. Plaintiff is currently incarcerated at Stateville Correctional Center in Joliet. Defendants admit Plaintiff's IDOC identification number is N03507. Defendants admit Plaintiff was housed at Pontiac Correctional Center during the time period of March 21, 2003, to October 8, 2003, but note that Defendant was not incarcerated at Pontiac at all times relevant to the complaint.

1

2. <u>Allegation</u>
The acts and omissions upon which this Complaint is based took place at the Pontiac Correctional Center.

   **<u>Answer</u>**
   Defendants admit Plaintiff was incarcerated at the Pontiac Correctional Center from March 21, 2003, to October 8, 2003. Defendants deny engaging in any acts or omissions as alleged which violated Plaintiff's rights.

3. <u>Allegation</u>
On September 16, 2003, Plaintiff exercised his First Amendment right and filed an institutional grievance with counselor concerning Defendant Gerberding #3066 intentionally denying Plaintiff yard. See Exhibit A - Committed Person's Grievance.

   **<u>Answer</u>**
   Defendants admit a Correctional Counselor received a grievance from Plaintiff on September 30, 2003. Defendants further admit Plaintiff dated the grievance September 16, 2003, and in the grievance Plaintiff alleged Defendant Gerberding did not allow Plaintiff to go to the yard. Defendants admit the grievance is attached as an exhibit to Plaintiff's complaint. Defendants deny the remaining allegations contained in this paragraph.

4. <u>Allegation</u>
On September 17, 2003, the Defendant Gerberding #3066 conspired with Officer Burger on a disciplinary report claiming he observed Plaintiff violating an alleged Department rule in retaliation for Plaintiff filing a grievance on him. See Exhibit B - Disciplinary Report.

   **<u>Answer</u>**
   Defendant Gerberding admits a disciplinary report charging Plaintiff with violating department rules was filed on September 17, 2003. Defendant Gerberding admits he was listed as a witness on the September 17, 2003, disciplinary report, attached as Exhibit B to Plaintiff's complaint. Defendant Gerberding denies the remaining allegations contained in this paragraph.

5. <u>Allegation</u>
On October 2, 2003, the Defendant Gerberding #3066 took it upon himself without being instructed by his supervisor and <u>retaliated</u> and confiscated Plaintiff's Zenith color T.V. #421-40140395. See Exhibit C - Shakedown Record/Confiscated Contraband.

   **<u>Answer</u>**
   Defendant Gerberding has no recollection of this alleged property confiscation on October 2, 2003, and Plaintiff did not attach an Exhibit C to the complaint.

2

    Defendant Gerberding therefore lacks sufficient information to admit or deny the allegation. Defendant Gerberding denies the remaining allegations contained in this paragraph.

6.    Allegation
Plaintiff was transferred from Stateville Correctional Center Segregational Unit I House to Pontiac Correctional Center Segregational Unit on March 21, 2003.

    **Answer**
Defendants admit Plaintiff was transferred from Stateville Correctional Center to Pontiac Correctional Center on March 21, 2003, and admit Plaintiff was in segregation at both facilities on that date.

7.    Allegation
While in Pontiac Correctional Center Segregational Units from [March] 21, 2003, to October 5, 2003, Plaintiff had used the segregational unit law library over ten (10) different occasion[s] and had never been stripped searched going or coming back from the law library because these w[ere] not the Pontiac Correctional Center Segregation Libraries Policy and Procedure. See Exhibit D #4. "Library materials shall be used in the designated area only. Security staff shall search each offender upon leaving the library cell to ensure that no library materials have been removed."

    **Answer**
Defendant Gerberding admits that Exhibit D to Plaintiff's complaint contains an excerpt entitled "Pontiac Correctional Center Segregation Libraries Policy and Procedure" and stating that "Library materials shall be used in the designated areas only. Security staff shall search each offender upon leaving the library cell to ensure that no library materials have been removed," but denies the implied allegation that Exhibit D contains the entire policy with respect to the use of the segregation law library and strip searches. Defendant Gerberding denies the allegation that strip searches were not performed and that strip searches were not part of Pontiac Correctional Center segregation library policy and procedures. Defendant Gerberding lacks sufficient information to admit or deny whether Plaintiff was strip searched when Defendant was not present.

8.    Allegation
On October 3, 2003, Plaintiff received two (2) court summons from the Clerk of the Circuit Court of Will County on the 3 toll shift by C/O Mr. G. Jones, that had been cut in half by mail room when opening mail.

    **Answer**
Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

9. **Allegation**
On October 6, 2003, Plaintiff spoke with Defendant Gerberding #3066 concerning going to the general law library to prepare two (2) new hand written summons since Plaintiff was no longer in segregation status but still held in the segregation unit until transfer.

   **Answer**
   Defendant Gerberding denies that Plaintiff was in a segregation cell on October 6, 2003. Defendant Gerberding admits that Plaintiff requested a visit to the general law library on October 6, 2003.

10. **Allegation**
Defendant Gerberding then stated this request was out of the question.

    **Answer**
    Defendant Gerberding admits Plaintiff's unit was permitted access to the law library on Fridays and that Plaintiff's request did not fall on a Friday; therefore, as to the general law library, Plaintiff's request was denied. Defendant Gerberding denies the implied allegation that Plaintiff did not have access to any law library on October 6, 2003.

11. **Allegation**
Plaintiff then requested Defendant Gerberding #3066 to notify Lieutenant Mr. S. Punke, need to go to the law library which Defendant Gerberding #3066 stated he would [sic].

    **Answer**
    Defendant Gerberding admits he contacted Lieutenant Punke regarding Plaintiff's request for law library access.

12. **Allegation**
Defendant Gerberding #3066 came back and stated the Lieutenant S. Punke claim[ed] he could do nothing for Plaintiff.

    **Answer**
    Defendant Gerberding denies the allegations contained in this paragraph.

13. **Allegation**
Plaintiff then spoke with counselor Ms. Gragert, who was making her counselor rounds on W 3 Gallery and Plaintiff informed her concerning Plaintiff legal issue and she informed Plaintiff she would speak with staff about at leas[t] getting Plaintiff to the segregation law library.

**Answer**
Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

14. Allegation
About an hour and a half goes by after speaking with the counselor and no one has said anything to Plaintiff, so Plaintiff asked Defendant Gerberding #3066 to give Plaintiff five (5) grievance forms.

**Answer**
Defendant Gerberding admits Plaintiff asked him for grievance forms. Defendant Gerberding lacks sufficient information to admit or deny the remaining allegations contained in this paragraph.

15. Allegation
He, Gerberding #3066 return[ed] about 20 minutes later with the grievance forms and stated that he [was] going to take Plaintiff to the segregation law library.

**Answer**
Defendant Gerberding admits he provided Plaintiff with grievance forms and stated he would take Plaintiff to the segregation law library located in the West Cell House.

16. Allegation
Once Plaintiff came out [of] the cell Defendant Gerberding #3066 took Plaintiff to the shower and told Plaintiff he had to be stripped searched before entering law library and when Plaintiff leave law library; this conduct was in further retaliation for Plaintiff filing grievance on Defendant Gerberding #3066, to harass Plaintiff and to deter Plaintiff from filing futur[e] grievances against Defendant Gerberding #3066 because nobody want[s] to be stripped searched to go to the law library, especially when it does not apply to the other segregation inmates in the east and west segregation units, nor is it written policy or procedures!

**Answer**
Defendant Gerberding admits he took Plaintiff to the shower and told Plaintiff he had to be strip searched before entering and leaving the segregation law library. Defendant Gerberding denies the remaining allegations contained in this paragraph.

17. Allegation
Plaintiff then informed Defendant Gerberding #3066 that "for the past five months Plaintiff ha[s] never been stripped searched going or coming from the segregation law library nor ha[s] Plaintiff heard any inmate from the east or west segregation units claim they w[ere] stripped searched prior to going to the segregation law library."

5

**Answer**
Defendant Gerberding denies the allegations contained in this paragraph.

18. **Allegation**
    Defendant Gerberding #3066 then showed his deliberate indifference to Plaintiff's First, Fourteenth, and Eighth Amendment rights by outright lying to Plaintiff that his action of <u>strip searching</u> Plaintiff was in compliance with Department policy.

    **Answer**
    Defendant Gerberding admits he advised Plaintiff that inmate strip searches are conducted before and after library use as part of Pontiac Correctional Center's policy and procedures. Defendant Gerberding denies the remaining allegations contained in this paragraph.

19. **Allegation**
    Plaintiff was forced to [be] <u>stripped searched</u> in order to use the segregation law library to exercise his First Amendment right to the Court.

    **Answer**
    Defendant Gerberding admits that Plaintiff was strip searched prior to entering the segregation law library on October 6, 2003. Defendant Gerberding denies the remaining allegations contained in this paragraph.

20. **Allegation**
    When Plaintiff went back to Plaintiff's cell, Plaintiff looked at the Pontiac Department Policy Rule Book concerning the segregation law library policy and procedures and nothing <u>authorized</u> the Defendant Gerberding #3066 to <u>strip search</u> Plaintiff prior to the use of the segregation law library or when leaving it! See Exhibit D - Pontiac Correctional Center Segregation Libraries Policy and Procedure.

    **Answer**
    Defendants admit that Exhibit D to Plaintiff's complaint contains an excerpt entitled "Pontiac Correctional Center Segregation Libraries Policy and Procedure." Defendants deny that Exhibit D contains the entire policy with respect to the use of segregation law libraries and strip searches. Defendant Gerberding further denies the allegation that nothing authorized him to strip search Plaintiff prior to and after Plaintiff's use of the law library.

21. **Allegation**
    Defendant Gerberding #3066 discriminated against Plaintiff by <u>strip searching</u> Plaintiff and not other inmates who also used the segregation law library. See Exhibit E Affidavit where Meeka Aresaba #B65519 clearly states he has never been <u>stripped searched</u> by Defendant Gerberding #3066 or anyone while going or coming from the segregation law library.

**Answer**
Defendant Gerberding admits that Exhibit E proports to be an affidavit from an inmate concerning strip searches. Defendant Gerberding denies the remaining allegations contained in this paragraph.

22. Allegation
The Defendant Gerberding #3066 in retaliation for Plaintiff filing a grievance on him, knew or should have known that by making Plaintiff strip search prior to going to the segregation law library was cruel and unusual punishment to single Plaintiff out without penological justification and it's punishment "grossly disproportionate to the severity of a crime." Which in this case there was no crime or offense committed by Plaintiff.

**Answer**
Defendant Gerberding denies the allegations contained in this paragraph.

23. Allegation
Plaintiff then filed an institutional grievance with the grievance officer on October 6, 2003, informing them "I am filing this grievance direct to grievance office because I am being transferred out on October 8, 2003, and won't be here to forward to your office later." See Exhibit F, Committed Person's Grievance.

**Answer**
Defendants admit Plaintiff improperly submitted a grievance directly to the Grievance Officer, in violation of Illinois Administrative Code title 20, § 504.810. Defendants further admit the grievance was received on October 8, 2003, and that a copy of the grievance was attached to Plaintiff's complaint as Exhibit F.

24. Allegation
While in Pinckneyville Correctional Center, Plaintiff received [the] grievance back unprocess[ed] with a memorandum dated October 8, 2003. See Exhibit G Memorandum.

**Answer**
Defendants admit Plaintiff improperly submitted a grievance directly to the Grievance Officer, in violation of Illinois Administrative Code title 20, § 504.810, and therefore the grievance was returned to Plaintiff with instructions to contact his Correctional Counselor. Defendants further state that Illinois Administrative Code title 20, § 504.810 requires grievances to first be addressed with the inmate's Correctional Counselor.

25. Allegation
Plaintiff then filed this grievance directly to the Administrative Review Board, wh[ich] is supposed to be a fact finding board, on November 25, 2003.

**Answer**
Defendants admit Plaintiff's grievance attached as Exhibit F to Plaintiff's complaint was received by the Administrative Review Board on November 25, 2003. Defendant Hile further admits that the Administrative Review Board reviews inmate grievances, and one aspect of that role is determination of factual issues.

26. Allegation
On December 1, 2003, the Defendant Sherry Hile, who was the chairperson who personally reviewed the grievance and contacted the Defendant Gerberding #3066, wrote "This office contacted Officer Gerberding on December 1, 2003 regarding this issue. Officer Gerberding stated that Department policy states that an inmate will be strip searched both before and after leaving the segregation law library. Officer Gerberding stated that he did strip search inmate Tolbert before his entrance into the segregation law library. He stated that he was not the officer who strip searched inmate Tolbert upon leaving the library and was told by another officer that inmate Tolbert was ready to go. Officer Gerberding believed the officer's statement to mean that inmate Tolbert was strip searched and ready to return to his cell."

**Answer**
Defendants admit the allegations contained in this paragraph were documented in a letter from Sherry Hile to Plaintiff dated December 1, 2003.

27. Allegation
Defendant Hile showed her deliberate indifference to Plaintiff's First, Eighth, and Fourteenth Amendment rights when she spoke with Defendant Gerberding #3066 and he acknowledged and confirmed Plaintiff's allegations mentioned in the grievance concerning the strip search, but claimed the strip search was procedure.

**Answer**
Defendants admit Defendant Hile was told that Defendant Gerberding strip searched Plaintiff prior to entering the segregation law library as part of procedure. Defendant Hile denies the remaining allegations contained in this paragraph.

28. Allegation
Even though Plaintiff had made clear to the Defendant Hile in the grievance that the strip search was in reprisal, that Plaintiff hadn't been strip searched in five (5) months of using the segregation law library prior to filing a grievance on Defendant Gerberding #3066.

**Answer**
Defendants admits Plaintiff alleged in his grievance attached as Exhibit F to Plaintiff's complaint that Plaintiff was being strip searched, and that Plaintiff alleged the act was in reprisal for Plaintiff's earlier grievance. Defendants deny the remaining allegations contained in this paragraph.

29. <u>Allegation</u>
    Instead of Defendant Hile acting as a fact-finding board and reviewing the segregation law library policy and procedures or speaking with the Assistant Warden of Programs, which would have clearly shown and confirmed that inmates are not strip searched when going or returning from the segregation law library! See Exhibit D Pontiac Correctional Center segregation libraries policy and procedure #4 "Library materials shall be used in the designated areas only. Security staff shall search each offender upon leaving the library cell to ensure that no library materials have been removed."

    **<u>Answer</u>**
    Defendants admit that Exhibit D to Plaintiff's Complaint contains an excerpt entitled "Pontiac Correctional Center Segregation Libraries Policy and Procedure." Defendant Hile denies the remaining allegations contained in this paragraph.

30. <u>Allegation</u>
    But instead Defendant Hile allowed Defendant Gerberding #3066 to provide willful and knowingly false information to her and she condoned Gerberding #3066 action of violating Plaintiff's First, Eighth, and Fourteenth Amendment rights and denied Plaintiff's grievance based on this <u>false</u> information from Defendant Gerberding #3066. See Exhibit H Illinois Department of Corrections letter dated December 1, 2003.

    **<u>Answer</u>**
    Defendants admit that Exhibit H is a letter from the Illinois Department of Corrections dated December 1, 2003. Defendants deny the remaining allegations contained in this paragraph.

31. <u>Allegation</u>
    Defendant Hile had the authority to correct this misconduct of Defendant Gerberding #3066 but chose to support it.

    **<u>Answer</u>**
    Defendants deny the allegations contained in this paragraph.

## **REQUEST FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief in this matter.

## **AFFIRMATIVE DEFENSES**

1. At all times relevant herein, Defendants Gerberding and Hile acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established

statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit for damages by the doctrine of qualified immunity.

2.   Plaintiff has alleged no physical injury in this matter and is accordingly barred from recovering mental or emotional damages pursuant to 42 U.S.C. 1997e(e).

                Respectfully submitted,

                DALE GERBERDING and SHERRY HILE,

                    Defendants,

                LISA MADIGAN, Attorney General
                State of Illinois,

Carrie K. Lacey, #6283318                Attorney for Defendants,
Assistant Attorney General
500 South Second Street
Springfield, IL  62706                      BY:  /s/Carrie K. Lacey
(217) 557-0261                                Carrie K. Lacey
   Of Counsel.                                Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL TOLBERT #N-03507, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-1256 |
| ) | |
| ) | |
| MR. G. GERBERDING #3066 ) | |
| MS. SHERRY HILE ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2004, I electronically filed Defendants' Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on December 27, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Tolbert, #N03507
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, IL 60434

Respectfully submitted,
s/Carrie K. Lacey
Carrie K. Lacey
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
(217)782-9097
clacey@atg.state.il.us
#6283318