E-FILED
Monday, 31 January, 2005 02:22:16 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

THE CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

MICHAEL TOLBERT #N-03507 )
          Plaintiff,        )
     V.                     )        NO. 04-1256
                            )
MR. G. GERBERDING #3066    )
                            )
MS. SHERRY HILE             )
          Defendants.       )

FILED

JAN 3 1 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THE PLAINTIFF REBUTTAL TO THE DEFENDANTS ANSWER

Now COME the Plaintiff, Michael Tolbert, Pro-se and hereby file a Rebuttal to the Defendants answer and Affirmative Defense against the allegations in the Plaintiff's Complaint, stating as follows:

STATEMENT OF REBUTTAL OR AFFIRMATIVE

1. Defendants Answer: "Defendants admit Plaintiff is Presently with the Custody of the Illinois Department of Corrections. Plaintiff is currently incarcerated at Stateville Correctional center in Joliet. Defendants admit Plaintiff's I DOC identification number is N0307. Defendants admit Plaintiff was housed at Pontiac Correctional center during the time Period of March 21, 2003, to October 8, 2003, But note that Defendant was not incarcerated at Pontiac at all times Relevant to the Complaint."

Rebuttal: " The Defendant or Defendants was never incarcerated at any time in Pontiac C.C. Relevant to

①

this complaint".

Affirmative: "The Defendant's statement of claim paragraph #1 Allegation is true and correct".

2. Defendants Answer: "Defendants admit Plaintiff was incarcerated at the Pontiac correctional center from March 21, 2003, to October 8, 2003. Defendants Deny engaging in any acts or omissions as alleged which violated Plaintiff's Rights."

Rebuttal: The Plaintiff Restate that the Defendants Did engage in acts that violated Plaintiff's Rights.

Affirmative: "The Defendant's statement of claim paragraph #2 Allegation is true and correct".

3. Defendants Answer: "Defendants admit a correctional counselor received a grievance from Plaintiff on September 30, 2003. Defendants further admit Plaintiff dated the Grievance September 16, 2003, and in the Grievance Plaintiff alleged Defendant Gerberding did not allow Plaintiff to go to the yard. Defendants admit the Grievance is attached as an Exhibit to Plaintiff's complaint. Defendants deny the remaining allegations Contained in this paragraph)".

Rebuttal: The Defendants have already acknowledged he Denyed Plaintiff yard when he spoke with Defendant Sherry Hile on about December 1, 2003 "Per the Grievance officer's report, officer Gerberding was contacted and stated that every effort was made to acquire the appropriate clothing.

②

unfortunately, R&D could not provide the Clothes until after the time allotted for yard. Inmate Tolbert was in non-Compliance and therefore could not attend yard."
See Exhibit A committed Person's Grievance Dated 9-16-03 with attached Grievance officer's Report and Illinois Department of Corrections letter attached.

Affirmative: "The Defendant's Statement of Claim Paragraph #3 Allegation is True and correct".

4. Defendants Answer: Defendant Gerberding Admits a Disciplinary Report Charging Plaintiff with Violating Department Rules was filed on September 17, 2003. Defendant Gerberding admits he was listed as a witness on the September 17, 2003, Disciplinary report, attached as Exhibit-B to Plaintiff's complaint. Defendant Gerberding Denies the remaining allegations contained in this Paragraph".

Rebuttal: Defendant Gerberding was the only one who I.D. Plaintiff and as this Court Examine attached Exhibit-B Disciplinary Report Burger, Statement makes this Point Clear. Impart "CIO Gerberding Positively Id'd Tolbert N-03507 as to telling down to WHC 118 and Knows offender by face and name."

Affirmative: "The Defendant's Statement of Claim Paragraph #4 Allegation is True and correct".

5. Defendants Answer: "Defendant Gerberding has no recollection of this alleged Property Confiscation on october 2, 2003, and Plaintiff did not attach an Exhibit-C to the Complaint. Defendant Gerberding therefore lacks Sufficient

③

information to admit or deny the allegation. Defendant Gerberding Denies the remaining allegations contained in this paragraph".

Rebuttal: The Defendant Gerberding is attempting to play games with this Court, if the Exhibit-C Shakedown Record/Confiscated Contraband was not present in the complaint he was given, The correct Date was present in the complaint when he confiscated Plaintiff T.V. and his own copy of the Records would have showed this fact See Exhibit-C Shakedown Record which show he confiscated Plaintiff T.V.

Affirmative: "The Defendant's Statement of Claim Paragraph #5. Allegation is True and Correct."


6. Defendants Answer: "Defendants admit Plaintiff was transferred from Stateville Correctional Center to Pontiac Correctional Center on March 21, 2003, and admit Plaintiff was in segregation at both facilities on that date."

Affirmative: "The Defendants Statement of claim Paragraph #6. Answer is True and correct."


7. Defendants Answer: "Defendant Gerberding admits that Exhibit-D to Plaintiff Complaint contains an excerpt entitled "Pontiac Correctional Center Segregation Libraries Policy and Procedure" and stating that Library materials shall be used in the Designated areas only. Security Staff Shall search each offender upon

④

leaving the library cell to ensure that no library materials have been removed", but denies the implied allegation that Exhibit D Contains the entire policy with respect to the use of the segregation law library and strip searches. Defendant Gerberding denies the allegations that strip searches were not performed and that strip searches were not part of Pontiac Correctional center Segregation Library Policy and Procedures. Defendant Gerberding lacks sufficient information to admit or Deny whether Plaintiff was Strip searched when Defendant was not present."

Rebuttal: once again Defendant Gerberding is attempting to play games with this court.

Exhibit-D Pontiac Correctional Center Segregation Libraries Policy and Procedure #4 is just an Excerpt that Plaintiff pointed out to Show what Kind of Search that is to be done. Most Importantly Defendant Gerberding Knows or should have known that Exhibit-D consist of pages 44, 45 and 46 which is the complete Segregation Libraries Policy and procedure 1 through 21 which is attached to the complaint. and nothing in Exhibit-D authorize Gerberding to Strip Search Plaintiff and if it did he or his Attorney would have produced this Document for this court. As Plaintiff did!

Affirmative: "The Defendants statement of claim Paragraph # 7. Allegation is True and Correct.

8. Defendants Answer: Defendants lack sufficient

⑤

information to admit or deny the allegations contained in this Paragraph".

Rebuttal: Plaintiff clearly showed this Defendant Gerberding both summon on october 6, 2003 as Proves why Plaintiff needed access to the law library. (see both attached)

Affirmative: "The Defendants statement of claim Paragraph #8. Allegation is True and correct."

9. Defendants Answer: "Defendant Gerberding denies that Plaintiff was in a segregation cell on october 6, 2003. Defendant Gerberding admits that Plaintiff requested a visit to the general law library on october 6, 2003."

Rebuttal: On october 6, 2003 Plaintiff was assigned to the West cell House which is a segregation unit.

Affirmative: "The Defendants statement of claim Paragraph #9. Allegation is True and correct".

10. Defendants Answer: "Defendant Gerberding admits Plaintiff's unit was Permitted access to the law library on Fridays and that Plaintiff's Request did not fall on a Friday; therefore, as to the General law library, Plaintiff's request was denied. Defendant Gerberding denies the implied allegation that Plaintiff did not have access to any law library on october 6, 2003."

Rebuttal: The Plaintiff never stated that he was not given access to the Law library october 6, 2003. But infact that Gerberding Stated the Request was out of the Question. But after speaking with the counselor

ms. Gragert Plaintiff was granted access to the segregation law library and not do to Gerberding.

Affirmative: "The Defendants statement of claim paragraph #10. Allegation is True and correct."

11. Defendants Answer: "Defendant Gerberding admits he contacted Lieutenant Punke regarding Plaintiff's request for law library access".

Affirmative: Paragraph 11. is true and corret allegation and answer.

12. Defendants Answer: "Defendant Gerberding Denies the allegations contained in this paragraph".

Rebuttal: "Plaintiff Restate that paragraph 12 allegation mention in Defendants statement of claim is True and Correct."

13. Defendants Answer: "Defendants lack information sufficient to Admit or deny the allegations contained in this Paragraph".

Rebuttal: "Plaintiff Restate that paragraph 13 allegation mention in Defendants statement of claim is True and correct."

14. Defendants Answer: "Defendant Gerberding admits Plaintiff asked him for grievance forms. Defendant Gerberding lacks sufficient information to admit or Deny the remaining allegations contained in this Paragraph".

Rebuttal: "Plaintiff Restate that paragraph 14 allegation mention in Defendants statement of claim is True and correct".

(7)

15. Defendant Answer: "Defendant Gerberding admits he provided Plaintiff with grievance forms and stated he would take Plaintiff to the segregation law library located in the west cell House."

Affirmative: "Plaintiff admits this statement is True and correct."

16. Defendant Answer: "Defendant Gerberding admits he took Plaintiff to the shower and told Plaintiff he had to be strip searched before entering and leaving the segregation law library. Defendant Gerberding Denies the remaining allegations contained in this paragraph.

Rebuttal: "Plaintiff Restate that Paragraph 16 allegations mention in Defendants statement of claim is True and correct".

17. Defendant Answer: "Defendant Gerberding Denies the allegations contained in this Paragraph".

Rebuttal: "Plaintiff Restate that Paragraph 17 allegation mention in Defendants statement of claim is True and correct."

18. Defendant Answer: "Defendant Gerberding admits he advised Plaintiff that inmate strip searches are conducted before and after library use as part of Pontiac correctional center's policy and procedures. Defendant Gerberding denies the remaining allegations contained in this paragraph."

Rebuttal:"Plaintiff Restate that Paragraph 18 allegations mention in Defendants statement of claim is True and correct".

19. Defendant Answer:" Defendant Gerberding admits that Plaintiff was strip searched prior to entering the Segregation law library on october 6, 2003. Defendant Gerberding denies the remaining allegations Contained in this paragraph".

Rebuttal:"Plaintiff Restate that Paragraph 19 allegations mention in Defendant Statement of Claim is True and correct."

20. Defendant Answer:" Defendants admit that Exhibit D to Plaintiff's complaint contains an excerpt entitled "Pontiac Correctional center Segregation libraries policy and procedures; Defendants deny that Exhibit D contains the entire policy with respect to the use of Segregation law libraries and strip searches. Defendant Gerberding further denies the allegations that nothing authorized him to strip search plaintiff prior to and after plaintiff's use of the law library".

Rebuttal: Plaintiff DISAGREES with the Defendants assertion that Exhibit-D is not the entire policy.

Exhibit-D attached to the original complaint consist of 3 separate pages 44, 45 and 46 which list 1 thru 21 Pontiac Correctional center Segregation libraries policy and procedure that was provided to Plaintiff by the

⑨

warden mr. mote (chief Administrative officer) the Defendant
Gerberding #3066 Employer. In the offender orientation
manual Pontiac correctional center maximum security
unit (segregation). (Booklet) Revised october 1,2002.

Further if there was something _RELEVANT_ to this
case that gives Gerberding the Authorization to strip search
Plaintiff before and after segregation Law Library service
"_WHY_" did he not provide this Document to the Court or
Plaintiff?

21. Defendant Answer: "Defendant Gerberding Admits that
Exhibit -E proports to be an affidavit from an inmate concerning
strip searches. Defendant Gerberding denies the remaining
allegations contained in this Paragraph".

Rebuttal: Plaintiff Restate that Paragraph 21 allegations
mention in Defendant Statement of Claim is True and correct."

22. Defendant Answer: "Defendant Gerberding Denies the
allegations contained in this Paragraph".
Rebuttal: "Plaintiff Restate that Paragraph 22
allegations mention in Defendant Statement of Claim
is True and correct".

23. Defendant Answer: "Defendants admit Plaintiff
improperly submitted a Grievance Directly to the Grievance
officer, in violation of Illinois Administrative Code
title 20, § 504.810. Defendants further admit the Grievance

(10)

was received on October 8, 2003, and that a copy of the Grievance was attached to Plaintiff's complaint as Exhibit F."

Rebuttal: Plaintiff only filed Grievance Direct to Grievance officer and not counselor because counselor couldn't Resolve this Grievance and Plaintintiff was being Transfered the next day out the institution and wouldn't have been in Pontiac Correctional Center to give the counselor this Grievance."

Plaintiff Restate that Paragraph 23 allegations mention in Defendants Statement of claim is True and correct.

24. Defendant Answer: "Defendants Admit Plaintiff improperly submitted a grievance directly to the Grievance officer, in violation of Illinois Administrative code title 20, § 504.810, and therefore the grievance was returned to Plaintiff with instructions to contact his Correctional counselor. Defendants further state that Illinois Administrative code title 20, § 504.810 requires Grievances to first be addressed with the inmate's Correctional counselor."

Rebuttal: "This Procedures only apply if Plaintiff is going to be in the institution where Grievance is filed."

Plaintiff Restate that Paragraph 24 allegation is True and correct.

25. Defendant Answer: "Defendants admit Plaintiff's grievance attached as Exhibit F to Plaintiff's complaint was received by the Administrative Review Board on

November 25, 2003. Defendant Hile further admits that the Administrative Review Board Reviews inmates grievances and one aspect of that role is Determination of factual issues".

AFFirmative: Plaintiff Restate that Paragraph 25 allegations and Answer in the Defendants Statement of Claim is True and Correct.

26. Defendant Answer: "Defendants admit the allegations contained in this Paragraph were documented in a letter from Sherry Hile to Plaintiff dated December 1, 2003".

Affirmative: Plaintiff Restate that Paragraph 26 allegations and Answer in the Defendants Statement of Claim is True and Correct.

27. Defendant Answer "Defendants admit Defendant Hile was told that Defendant Gerberding Strip Searched plaintiff prior to entering the segregation law library as Part of Procedure. Defendant Hile Denies the Remaining allegations contained in this Paragraph".

Rebuttal: Plaintiff Restate that Paragraph 27 allegations in the Defendants Statement of Claim is True and Correct.

28. Defendant Answer: "Defendants admits Plaintiff alleged in his grievance attached as Exhibit E to Plaintiff's complaint that Plaintiff was being Strip Searched, and that Plaintiff alleged the act was in

(12)

Reprisal for Plaintiff's earlier grievance. Defendants deny the remaining allegations contained in this paragraph."

Rebuttal: Plaintiff Restate that Paragraph 28. allegations in the Defendants Statement of claim is True and correct.

29. Defendant Answer: "Dependats admit that Exhibit-D to Plaintiff's complaint contains an excerpt entitled Pontiac correctional center Segregation libraries Policy and Procedure". Defendant Hile denies the remaining allegations contained in this paragraph."

Rebuttal: Plaintiff wish to once again point out that Exhibit-D is not an excerpt entitled Pontiac correctional center Segregation libraries Policy and Procedure But in fact is the complete Rules and Regulation issued to inmates in segregation concerning the Law Library. Remember Exhibit-D consist of pages 44, 45 and 46 which is attached to Exhibit-D and the Plaintiff's complaint.

30. Defendant Answer: "Defendant Admit that Exhibit H is a letter from the Illinois Department of Corrections dated December 1, 2003. Defendants Deny the remaining allegations contained in this Paragraph."

Rebuttal: Plaintiff Restate that paragraph 30 allegations in Defendant Statement of Claim is True and Correct".

(13)

31. Defendant Answer: "Defendants Deny the allegation contained in this paragraph."

Rebuttal: "Plaintiff Restate that Paragraph 31 allegations in Defendant statement of Claim, is True and correct".

I. The Defendant Statement of Claim section <u>Request for Relief</u>. "Defendants Deny that Plaintiff is entitled to any Relief in this matter".

Rebuttal: Plaintiff Disagrees with this assertion by the Defendant and Cite "Every person who, under color of any statute, ordinance, Resolution, custom, or usage, of any state or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the united states or other person within the jurisdiction thereof to the Deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress." (Dewalt V. Carter 224 F3d 607 (C.A. 7 (Ill.) 2000).

II. The Defendant Statement of Claim section <u>Affirmative Defenses</u> Paragraph 1. "At all times Relevant herein, Defendants Gerberding and Hile acted in good faith in the performance of their official duties and without violating Plaintiffs. Clearly Established Statutory or Constitutional rights of which a Reasonable person would have known.

(4)

Defendants are therefore protected from suit for
damages by the doctrine of Qualified immunity.

Rebuttal: The Defendants willfully and knowingly
Retaliated against Plaintiff for exercising his first
Amendment Right. Gerberding knowingly striped searched
Plaintiff prior to going to the law library when the
while Established Rule only Required Plaintiff be
Searched when leaving the Segregation law library
Not strip searched!

This act was done to <u>DETER</u> Plaintiff from
filing future Grievances against Defendant Gerberding
Therefore he was not acting in Good faith

and when the Defendant ms. Hile condone
Defendant Gerberding action of violating well Established
Segregation policy and procedures they was not acting
in Good faith as alleged

and the Defendants are being sued in their
Individual capacities only therefore the Doctrine of
Qualified Immunity does not apply. (will v. michigan
Dept. of state Police, 491 U.S. 58 (1989)

III. The Defendant statement of claim section
<u>Affirmative Defenses</u> Paragraph 2. "Plaintiff has
alleged no physical injury in this matter and is
accordingly barred from recovering mental or
Emotional Damages Pursuant to 42 U.S.C. 1997e(e).

Rebuttal: However, other damages, such as
nominal, punitive or compensatory damages not
based on mental or emotional injury are not barred

(15)

by this section. See Cassidy v. Indiana Dept of
corrections, 199 F.3d 374 (7th cir 2000); Robinson
v. page 170 F.3d 747, 749 (7th cir 1999; Rowe v.
Shake, 196 F.3d 778, 78] (7th cir. 1999); Armstrong
v. Drahos, 2002 WL 187502 at #2 (N.D. Ill. 2002).

STATE OF ILLINOIS )
                    )ss
COUNTY OF WILL )

AFFIDAVIT

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 24th DAY OF January 2005

Crystal L. Mason
NOTARY PUBLIC

/s/ michael Tolbert
michael Tolbert

"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008

16
16

*EXHIBIT-A*

ILLINOIS DEPARTMENT OF CORRECTIONS

035239
W 307

## COMMITTED PERSON'S GRIEVANCE

| Date: 9-16-03 | Committed Person: (Please Print) Michael Talbert | ID#: N-03507 |
|---|---|---|
| Present Facility: Pontiac C.C. | Facility where grievance Issue occurred: Pontiac C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☒ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☒ Other (specify): WILFUL
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  KNOWINGLY DENIAL OF YARD

☐ Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ORIENTATION MANUAL PAGE 21, IMPART "All movement outside of the cell is on an activity schedule, therefore, it should be relatively easy to anticipate when you will be leaving your cell and Box is required to be under your bed Prior to departing the cell or movement WILL NOT BE PERMITTED". On 9-15-03 at about 2:00Pm Grievant receive an Illinois Department of Corrections Letter dated 9-11-03 from Nancy S. Tucker Chairperson of Inmate issues informing Grievant that he was to be Released from segregation due to the Reversal of the findings of Guilty by the Adjustment Committee.

Relief Requested: Grievant is Seeking the sum of 250.00 Dollars for the 2 and a half Hour Yard Willfully and knowingly Denying Grievant Yard.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_michael Talbert_  N-03507  9-16-03
Committed Person's Signature  ID#  Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9/30/03  ☐ Send directly to Grievance Officer  ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: If you are going to go to yard and are eligible, you must be in compliance at the time yard is called. Your Relief Requested Can Not be addressed through the Grievance Process

J Crozier  9/30/03
Print Counselor's Name  Counselor's Signature  Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___  Is this determined to be of an emergency nature?  ☐ Yes; expedite emergency grievance  ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____ Chief Administrative Officer's Signature  ___/___/___ Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

On this same date 9-15-03 at about 5:00Pm Grievant was Removed from W-412 cell to W-307 cell by c/o mr. Clark.

On 9-16-03 at about 7:00 AM C/o mr. G. Gerbering #3066 who was assigned Three(3) gallery was counting.

when he completed his gallery count he asked Grievant when he came on gallery? and Grievant informed him yester day evening, he then asked for Grievant I.D card which Grievant gave to him.

Grievant then informed this c/o mr. Gerbering #3066 that he was Requesting to go to the Yard.

C/o mr. Gerbering #3066 then Responded that Grievant could not go to the Yard because Grievant was still in Jumpsuit and need Blue Pant and shirt to go the Yard because Grievant was no longer in Segregation.

Grievant then informed c/o mr. Gerbering #3066 that Grievant was Requesting to see the Lieutenant or Segrenant of the unit concerning Grievant Yard, which he (Gerbering) Responded they are not going to come up hear to speak with You concerning the Yard.

Grievant then informed this officer that Grievant want his Yard time and if Grievant couldn't go to the Regular Yard do to the Jumpsuit, Grievant was willing to go to the Segregation Yard Pad for Grievant Yard.

C/o mr. Gerbering #3066 then stated You are not in Segregation any more therefore Grievant couldn't go to the Segregation Yard Pad!

at about 7:55 AM Grievant notice C/o Gerbering #3066 Leting out for the Yard on 3 gallery and two(3) inmates with bright yellow Jumpsuits was coming down the gallery and Grievant asked one of these two (2) inmates was he going to the Yard and Replied Yes!

When the Yard line Returned I notice this same inmate Return from the Yard.

Grievant then asked c/o mr. Gerbering #3066 was there any written Rules and Procedures concerning the Jumpsuits and the Blues Clothing on Three (3) Gallery dealing with the Yard? and C/o Gerbering #3066 then stated no.

SD4428

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: 10 / 7 / 03    Date of Review: 10 / 29 / 03    Grievance # (optional): 036239

Committed Person: Talbert Michael    ID#: N 03507

Nature of Grievance: Staff Conduct: Denied Yard

Facts Reviewed: Offender Talbert states he was denied yard on 9.16.03. The reason offender Talbert states was given was that he (Talbert) only had a segregation jumpsuit to wear. The offender had been released from segregation the previous evening.

The Counselors response states that if an offender is going to yard and are eligible, they must be in compliance at the time yard is called.

This Grievance Officer contacted C/O Gerberding, the segregation release officer. He stated every effort was made to aquire the appropriate clothing for seg release offenders. However, R&D could not provide the clothes until after the set time for yard. Therefore, Offender Talbert was not in compliance.

Recommendation: Based on a total review of all available information, it is the recommendation of this Grievance Officer that the offenders grievance be DENIED, as the offenders allegations of staff misconduct are not substantiated.

Ton Kennedy
**Print Grievance Officer's Name**          **Grievance Officer's Signature**

**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: _____    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

_____

_____

**Chief Administrative Officer's Signature**          10 / 31 / 03    **Date**

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Michael Talbert
**Committed Person's Signature**          N-03507    **ID#**    11 / 8 / 03    **Date**

SD428

ILLINOIS DEPARTMENT OF CORRECTIONS

for the yard line. This Grievance Officer confirmed and concurs with the Counselor's response

SD4/28



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

December 1, 2003

Michael Tolbert
Register No. N03507
Pinckneyville Correctional Center

Dear Mr. Tolbert:

This is in response to your grievance received on November 26, 2003, regarding Staff Conduct (C/O Gerberding 9/16/03), which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

You grieve the fact that Officer Gerberding denied your yard privilege because you were still wearing a segregation jumpsuit. You state you had just been released and did not have anything else to wear.

The Grievance officer's report (035239) and subsequent recommendation dated October 29, 2003 and approval by the Chief Administrative Officer on October 31, 2003 have been reviewed.

Per the Grievance officer's report, Officer Gerberding was contacted and stated that every effort was made to acquire the appropriate clothing. Unfortunately, R&D could not provide the clothes until after the time allotted for yard. Inmate Tolbert was in non-compliance and therefore could not attend yard.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. Charges of staff misconduct could not be substantiated. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Sherry Hile
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden, Pinckneyville Correctional Center
      Michael Tolbert, Register No. N03507
      Chron. File

State of Illinois · · Department of Corrections
### DISCIPLINARY REPORT

*Exhibit - B*

Page ___ of ___

☐ Disciplinary Report _____   ☐ Investigative Report _____

Date                                  Date

Committed Person: Talbert          No. _____   Facility: _____

Observation Date: _____  Time: _____  am/pm   Location: WCH __

_____ K-5-1179                      _____
**PRINT Employee's Name**                        **Employee's Signature/Date/Time**

Offense: 504 B  310 Abuse of Privileges 403 Disobeying a direct order 404 violation of rules ( WCH memo dated 01-01-04

Observation: On the above date and time this I/O gave Talbert N03507, who was conducting a legal review in WCH 319 to stop yelling to WCH 115 in a loud, disruptive tone. Offender continued to yell to WCH 115. I'm correctional position I did Talbert N03507 as to yelling down to WCH 115 and knows offender by face and name. Offender is in violation of WCH memo dated 01-01-04 excessive noise. Offender resides in WCH 307 and was in WCH 319 for the purpose of a legal review only. E.O.R.

Witnesses, if any: C/O Gerberding 3066

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement   ☐ Investigative Status   Reasons: _____

_____

_____

_____          _____
**PRINT Name**                      **Shift Supervisor's Signature and Date**
                                    **(For Community Correctional Centers, Chief Adm. Off.)**

☐ Confinement Reviewed by Reviewing Officer   Comment: _____

_____          _____
**PRINT Name**                      **Signature/Date**

☒ **MAJOR**, submitted to Adjustment Committee   ☐ **MINOR**, submitted to Program Unit

MAJOR F. MELVIN                     Maro J. Melvin  9-17-03
**PRINT Name**                      **Reviewing Officer's Signature and Date**

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)   **PRINT Name**   **Signature and Date**

### PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Committed Person Refused to Sign ☐

_____          _____    7/17/03   7:00 am/pm
**Committed Person's Signature and Number**

_____          _____    _____
**PRINT Serving Employee's Name**   **Serving Employee's Signature**   **Date and Time Served**

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

SHAKEDOWN RECORD/CONFISCATED CONTRABAND *EXHIBIT — C*

1:04-cv-01356-HAB-JAG    # 23    Page 23 of 29

EXHIBIT NO._____
CLIC NO._____

**(Tag/Receipt/Report/Chain-of-Custody Record)**

Date _____ Time _____ Bldg/Area _____

Living Area # _____ Occupied? Yes ____ No ____

Violator _____ No. _____

Was Any Contraband Found? Yes ____ No ____

Item(s) Description and Circumstances of Discovery _____

_____ ‛ 451 – 461 410395

_____

_____

_____

_____

Witness _____

Was a Disciplinary Report Written? Yes ____ No ____

Was an Incident Report Written? Yes ____ No ____

Employee's Signature _____

Badge No. _____ Date _____ Time _____

DC 252 (Rev. 6/87)  IL 426-0042

Supervisor - Date Received _____ Time _____

Major ____ Minor ____ Signature _____

Disposition _____

Date _____ Time _____ Initials _____

Custodian - Date Received _____ Time _____

Major ____ Minor ____ Signature _____

Chain-of-Custody After the Custodian has Received the Item

From _____ To _____

Date _____ Time _____

From _____ To _____

Date _____ Time _____

From _____ To _____

Date _____ Time _____

From _____ To _____

Date _____ Time _____

Final Disposition _____

Date _____ Custodian's Initials _____

cc: 1 With Item (Tag); 2 Supervisor; 3 Employee; 4 Disciplinary Report; 5 Violator

*EXHIBIT-D*

3.    Library Services to Condemned Unit/Hospital

    a.    Legal services are provided to these units by a paralegal. Offenders needing legal services should write to the library explaining exactly what information is needed.

    b.    Photocopies are provided at .05 cents per page.

    c.    General library services are provided to these units by the Library Technical Assistants. Any offender wishing to obtain general reading books must write to the MAX library. A list of books and a request form will be sent upon request. Offenders will be allowed to check out two books for two weeks at a time. Offenders will be charged for any damaged or unreturned books.

H.    Pontiac Correctional Center Segregation Libraries Policy and Procedure

1.    The institution shall provide a secure area within the segregation units such as a segregation cell or other enclosed area to house law library materials. The cell shall be equipped with shelving, a chair, and a work area such as a table or desk.

2.    The cell shall contain the legal materials enumerated in a list supplied and updated as necessary by the Department Coordinator of Library Services in consultation with the legal staff or approved equivalents. Legal forms shall be made available to segregation offenders upon request. A list of legal forms and titles of materials maintained in the general law library shall also be available.

3.    Library staff shall write prominently on the books simple alphanumeric codes indicating the location of each book.

4.    Library materials shall be used in the designated areas only. Security staff shall search each offender upon leaving the library cell to ensure that no library materials have been removed.

5.    The offender will be allowed to bring with him to the segregation law library cell no more than 20 sheets of paper, on which he may have already written his research notes, and a segregation pen. An offender will not be allowed to bring with him any other items. Under no circumstances should an offender be allowed in the segregation law library cell with any smoking materials.

6.    Institution library staff shall inventory each library cell collection at least once per month.

7.    Where it is determined that items are missing or destroyed from the collection (and not found in the possession of any offender in the unit), the reporting employee shall prepare an Incident Report documenting that fact, and shall notify the institutional library staff in writing. The library shall order a replacement copy of that volume periodically but not less than biannually.

8. Institution library staff shall place updated materials in the library cells as the updates are received from the publisher. They shall also remove obsolete or replaced materials from the collection when updated materials are received. The library staff shall maintain an inventory of each library cell.

*remove obsolete materials*

9. The Law Library cell shall be available for use according to a schedule established by the Chief Administrative Officer. The number of requests made by offenders to use the library cell and actual usage of the cell shall be reviewed by a paralegal periodically, but no less than biannually. The paralegal and E.F.A. shall make recommendations to the Warden regarding the necessary changes in library cell availability in accordance with the results of the review.

10. Offenders may request access to the library cell by filling out a request for library cell time form which will be provided to the offender by the cellhouse security staff. The request for library cell time shall be sent to the institutional library to be reviewed by the paralegal staff. The senior paralegal or a paralegal assigned shall review each request for library cell time to determine if the reason for the use of the library cell is to research issues dealing with the offender's challenges to their criminal conviction or sentence, either directly or collaterally or challenges to the conditions of their confinement. The paralegal shall attempt to give priority to offenders who have statutory, statute of limitations or court imposed deadlines.

11. Upon return of the request for library cell time to the cellhouses the cellhouse command staff shall schedule those offenders that are approved by the paralegal staff, the command staff shall attempt to give priority to offenders that the paralegal staff determines should have priority.

12. The schedule of library cell time should generally allow for a minimum of two-hour blocks of access time, absent security or operational problems. Offenders will be allowed a reasonable amount of library cell time to conduct legal research and to prepare legal documents. The schedule of library cell time should allow for a minimum of two hour blocks of time, absent security or operational problems. Offenders who are required to meet verified deadlines in connection with pending or contemplated litigation may request extra library cell time by sending a request to the paralegal.

13. The library staff shall monitor usage of the collection and the nature of requests for materials from the main library annually, or more frequently as determined necessary, and shall make recommendations about additions to or deletions from the library cell collections to the Department Coordinator of Library Services, who shall confer with the legal staff.

14. A log book shall be maintained, indicating the offender's name and number and the time he entered and exited the library cell.

15. An offender must submit a written request to the main library to receive any or all of the following:

a. Loaned or personal copy of a specific case or statute. In the event an inaccurate citation is provided, an effort shall be made to obtain the desired material, where possible.

*obtain legal material*

b. Subject/topic research request.

45

c.  Specific court forms, instructional packets or blank fill-in form motions or pleadings from the library files which are not available in the library cells.

d.  Assistance in drafting initial pleadings if appropriate staff determine that the offender is not capable of doing so without assistance and the offender is not represented by an attorney in the case for which he seeks assistance.

16.  The offender should indicate the order of priority when requesting large amounts of copies if the order of priority is different than the order in which the materials are listed. The library shall fill the request in priority order in a manner which will not interfere with the operation of the library or its provision of services to other offenders. Offenders may be charged a reasonable amount for copies. The library will not copy any non-legal items.

17.  Offenders who abuse library cell privileges or destroy library cell materials shall be disciplined in accordance with Department Rule 504, Subpart A.

18.  Offenders may be denied access to the library cell if found guilty of a disciplinary offense related to the use of the library cell for a period determined appropriate by the Chief Administrative Officer. This determination shall be based, among other matters, on the severity of the offense, whether the offense impaired other offenders' access to the library cell, and whether the offender has been found guilty of other disciplinary offenses related to use of the library cell. Library cell privileges may not be denied permanently; and in the administration of discipline for abuse of the library cell, the offender's verified court statute of limitations or statutory deadlines shall be taken into account. Where access to the library cell is being denied for more than 90 days or where the offender has a court, statutory or statute of limitations deadline during the period during which library cell access will be denied, an alternative means of access to legal materials or assistance shall be reviewed with the department coordinator of library services who shall confer with the legal staff.

19.  Offenders may be required to pay restitution for replacement or repair of stolen, destroyed, or damaged library materials.

20.  Notary services shall be available to segregation offenders at no charge, for legal documents only. Each cellhouse should have at least one person available, preferably the cellhouse clerk, to notarize documents for offenders.

21.  Library staff shall visit the segregation units on a regular basis but no less frequently than once per week.

Nothing herein shall be construed to require law library services regarding matters other than those related to challenges to an offender's sentence or conviction, either directly or collaterally, or conditions of confinement, or after the preparation and filing of initial pleadings.

All requests for library services must be signed by the name that is listed on OTS as your name. If the request contains a name other that your OTS name the request shall be returned to you. The only signature that will be notarized is your OTS name.

46

**STATE OF ILLINOIS)**
                )SS
**COUNTY OF WILL )**

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

_____

              **VS**                                    CASE NO:_____

_____

## SUMMONS

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the

Clerk of this Court _____ Building, Room_____,

_____, Illinois within 30 days after service

    (Address)                    (City)

of this summons, not counting the day of service.  **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY
DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of

service and fees, if any, immediately after service. If service cannot be made, summons shall be returned to endorsed.

This summons may not be served later than 30 days after its date.

                                        WITNESS:_____, 20____

  (Seal of Court)

                                        _____
                                              **PAMELA J. McGUIRE**
                                              Clerk of the Circuit Court
                                        BY:_____
                                                      (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME:_____
ARDC#_____
Attorney for:_____
Address:_____
City:_____

Telephone:_____

                                **16F** (Revised 12-99)   2 Part Form **CVTDN**

**STATE OF ILLINOIS)**
           **)SS**
**COUNTY OF WILL )**

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

_____

          **VS**                          CASE NO:_____

_____

### SUMMONS

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the

Clerk of this Court _____ Building, Room_____,

_____, Illinois within 30 days after service

    (Address)              (City)

of this summons, not counting the day of service.  **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY**
**DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of
service and fees, if any, immediately after service. If service cannot be made, summons shall be returned to endorsed.

This summons may not be served later than 30 days after its date.

WITNESS:_____, 20____

(Seal of Court)

_____
                         **PAMELA J. McGUIRE**
                         Clerk of the Circuit Court
               BY:_____
                            (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME:_____
ARDC#_____
Attorney for;_____
Address:_____
City:_____

Telephone:_____

**16F** (Revised 12-99)  2 Part Form **CVTDN**

Plaintiff,

v.

MR. G. GERBERDING #3066
MS. SHERRY HILE
Defendant

Case No. 04-1256

## PROOF/CERTIFICATE OF SERVICE

TO: Clark of the Court
U.S. District Court
Central District Illinois
309 Federal Building
100 N.E. monroe
peoria, Il 61602

TO:
Carrie K. Lacey #6283318
Assistant Attorney General
500 South Second Street
Springfield, Il 62706

PLEASE TAKE NOTICE that on January 24 , 2005, I have placed the
documents listed below in the institutional mail at Stateville Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: The Plaintiff Rebuttal
to the Defendants Answer

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: 1-24-05

/s/ Michael Tollert
NAME: Michael Tollert
IDOC#: N-03507

Stateville Correctional Center
P.O. BOX 112
Joliet , IL 60434

Revised Jan 2002