E-FILED
Monday, 29 August, 2005  04:59:33 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL TOLBERT #N-03507, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-1256 |
| ) | |
| ) | |
| MR. G. GERBERDING #3066 ) | |
| MS. SHERRY HILE ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, DALE GERBERDING and SHERRY BENTON,[1] by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and CDIL-LR-7.1, hereby respectfully move this Honorable Court to grant Summary Judgment in this matter, stating as follows:

**INTRODUCTION**

Plaintiff is an inmate with the Illinois Department of Corrections. While incarcerated at Pontiac Correctional Center, Plaintiff was not permitted to go to the yard for exercise on September 16, 2003, due to Plaintiff's attire. Plaintiff filed a grievance against Defendant Gerberding regarding the one-day denial of yard time, which Defendant Benton (previously known as Sherry Hile) reviewed and denied on behalf of the Administrative Review Board. Plaintiff alleges Defendant Gerberding further retaliated against him by serving as a witness to a Disciplinary Report written September 17, 2003, in which Officer Burger charged Plaintiff with multiple disciplinary infractions for "yelling to [West Cell House cell 118] in a loud, disruptive tone." Plaintiff's other allegations of retaliation against Defendant Gerberding are

---

[1] Previously named as Sherry Hile; her legal name is now Sherry Benton.

premised on confiscation of Plaintiff's television set on October 2, 2003, and a strip search conducted October 6, 2003, prior to Plaintiff entering the segregation law library. Plaintiff filed a grievance with respect to the strip search, which Defendant Benton (previously known as Sherry Hile) also reviewed and denied on behalf of the Administrative Review Board.

## BASIS FOR MOTION AND RELIEF SOUGHT

Defendants allege the evidence submitted with this Motion is uncontroverted and material to Plaintiff's claims. Defendants further allege that these facts show Plaintiff cannot, as a matter of law, prevail on his claims, and that Defendants are entitled to summary judgment in their favor.

## MATERIAL FACTS CLAIMED TO BE UNDISPUTED

1. At the time of the incidents alleged in this litigation, Plaintiff was an inmate with the Illinois Department of Corrections. See Complaint at 3, Statement of Claim, ¶ 1.

2. Plaintiff was incarcerated at Pontiac Correctional Center from March 21, 2003, to October 5, 2003, and was housed in the segregation unit. See Complaint at 3, Statement of Claim, ¶ 7.

3. Defendant Gerberding is a Correctional Officer at Pontiac Correctional Center. See Complaint at 1, ¶ 2.

4. Defendant Benton is a Chairperson of the Administrative Review Board. See Complaint at 1, ¶ 2.

5. Plaintiff was denied yard privileges for one day, on September 16, 2003, due to the fact that Plaintiff was attired in a segregation jumpsuit. See Complaint, Exhibit A.

6. Plaintiff filed a grievance against Defendant Gerberding concerning the September 16, 2003, lack of yard time. See Complaint at 3, Statement of Claim, ¶ 2; see also Complaint, Exhibit A.

7. Defendant Benton reviewed and denied the grievance appeal on behalf of the Administrative Review Board in a letter dated December 1, 2003, noting that "every effort was made to acquire the appropriate clothing . . . Inmate Tolbert was in non-compliance and therefore could not attend yard." See Complaint, Exhibit A; see also Defendants' Exhibit C, affidavit of Sherry Benton.

8. Plaintiff alleges Defendant Benton violated his constitutional rights by recommending the grievance be denied, on the basis that "Ms. Hile was made fully aware that Gerberding was in violation of the Administrative Rules and Regulations as well as state law and had the power to correct Defendant Mr. Gerberding's misconduct but chose to support it." See Defendants' Exhibit A, Plaintiff's Responses to Defendants' Request to Answer Interrogatories at 6, ¶ 12.

9. Defendant Gerberding served as a witness to a Disciplinary Report written by Officer Burger on September 17, 2003, charging Plaintiff with prison offenses 310 (abuse of privileges), 403 (disobeying a direct order) and 404 (violation of rules). See Complaint, Exhibit B.

10. Plaintiff alleges that Defendant Gerberding witnessed the report in retaliation for Plaintiff's act of filing a grievance on September 16, 2003. See Defendants' Exhibit A, Plaintiff's Responses to Defendants' Request to Answer Interrogatories at 1-2, ¶ 2.

11. The Adjustment Commitee that heard the disciplinary charges from September 17, 2003, placed Plaintiff on audio/visual restriction for a one-month period. See Defendants' Exhibit B, affidavit of Dale Gerberding.

12. Inmates on audio/visual restriction are not permitted to have a television in their cell. See Defendants' Exhibit B, affidavit of Dale Gerberding.

13. Plaintiff's television was confiscated on October 2, 2003, based on the audio/visual restriction in effect for his September 17, 2003, Disciplinary Report. See Defendants' Exhibit B, affidavit of Dale Gerberding.

14. Plaintiff alleges that Defendant Gerberding confiscated the television in retaliation for Plaintiff's act of filing a grievance on September 16, 2003. See Defendants' Exhibit A, Plaintiff's Responses to Defendants' Request to Answer Interrogatories at 1-2, ¶ 2.

15. Plaintiff was strip searched by Defendant Gerberding prior to entering the segregation law library on October 6, 2003. See Complaint at 5, ¶ 16.

16. Plaintiff alleges that Defendant Gerberding conducted the strip search in retaliation for Plaintiff's act of filing a grievance on September 16, 2003. See Defendants' Exhibit A, Plaintiff's Responses to Defendants' Request to Answer Interrogatories at 1-2, ¶ 2.

17. Defendant Gerberding's understanding of Department of Corrections policy is that inmates are strip searched both prior to entering and upon leaving the segregation law library. See Defendants' Exhibit B, affidavit of Dale Gerberding.

18. Defendant Gerberding's reason for strip-searching Plaintiff on October 6, 2003, was that Departmental policy required such strip searches to be performed on all offenders. See Defendants' Exhibit B, affidavit of Dale Gerberding.

19. While Plaintiff maintains that he was never strip searched by anyone other than Defendant Gerberding prior to entering the law library, Plaintiff admits that he has been strip searched by other correctional officers at various facilities, including Stateville, Pontiac, and Pinckneyville. See Defendants' Exhibit A, Plaintiff's Responses to Defendants' Request to Answer Interrogatories at 3, ¶ 7.

20. Plaintiff filed a grievance regarding the strip search conducted on October 6, 2003. See Complaint at 7, ¶ 23-26.

21. Defendant Benton reviewed and denied the grievance appeal on behalf of the Administrative Review Board in a letter dated December 1, 2003, in reliance on Officer Gerberding's statement to her that Department policy required strip searching an inmate both before and after leaving the segregation law library. See Complaint, Exhibit H; see also Defendants' Exhibit C, affidavit of Sherry Benton.

22. Plaintiff alleges Defendant Benton violated his constitutional rights by recommending the grievance be denied, on the basis that "Ms. Hile was made fully aware that Gerberding was in violation of the Administrative Rules and Regulations as well as state law and had the power to correct Defendant Mr. Gerberding's misconduct but chose to support it." See Defendants' Exhibit A, Plaintiff's Responses to Defendants' Request to Answer Interrogatories at 6, ¶ 12.

23. Prior to October 7, 2003, Defendant Gerberding was unaware that Plaintiff had filed a grievance against him on September 16, 2003. See Defendants' Exhibit B, affidavit of Dale Gerberding.

24. Defendant Gerberding was not a member of the Adjustment Committee that heard the September 17, 2003, Disciplinary Report and has no role in the determination of whether to impose any disciplinary measures upon offenders. See Defendants' Exhibit B, affidavit of Dale Gerberding.

25. The grievance filed by Plaintiff on October 6, 2003, shortly after Plaintiff received the September 17, 2003, Disciplinary Report, alleges retaliation by Defendant Gerberding, yet makes no mention of the Disciplinary Report or any alleged retaliation on Defendant Gerberding's part in witnessing the report. See Complaint, Exhibit F.

26.     Defendant Benton is not and was not aware of any institutional rules or state or federal laws that Officer Gerberding's acts of denying one day of yard time or strip-searching Plaintiff would violate.  See Defendants' Exhibit C, affidavit of Sherry Benton.

**A Memorandum of Applicable Law and Argument is attached hereto and incorporated herein.**

WHEREFORE, Defendants pray this Honorable Court grant their Motion for Summary Judgment and such other and further relief as this Court deems appropriate.

    Respectfully submitted,

    DALE GERBERDING and SHERRY BENTON,

    Defendants,

    LISA MADIGAN, Attorney General
    State of Illinois,

    s/Carrie K. Lacey
    Carrie K. Lacey, #6283318
    Attorney for Defendants
    Office of the Attorney General
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 557-0261
    Facsimile:  (217) 524-5091
    clacey@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL TOLBERT #N-03507, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-1256 |
| MR. G. GERBERDING #3066<br>MS. SHERRY HILE | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2005, I electronically filed Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on August 29, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Tolbert, #N03507
Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434

Respectfully submitted,
s/Carrie K. Lacey
Carrie K. Lacey, #6283318
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 557-0261
Facsimile: (217) 524-5091
clacey@atg.state.il.us