### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| **MICHAEL TOLBERT #N-03507,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-1256 |
| | ) |
| **MR. G. GERBERDING #3066** | ) |
| **MS. SHERRY HILE** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF APPLICABLE LAW AND ARGUMENT
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, DALE GERBERDING and SHERRY BENTON,[1] by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and in support of their Motion for Summary Judgment, submit the following Memorandum of Applicable Law and Argument.

**I.    LAW ON SUMMARY JUDGMENT**

Summary judgment is proper where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c) (2005).  When determining whether a genuine issue of material fact exists, irrelevant or immaterial facts are disregarded, as  "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).  Summary judgment is entered "against a party who fails to make a showing sufficient to establish the

---

[1]    Previously named as Sherry Hile; her legal name is now Sherry Benton.

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). At this stage, the issue is "not what the pleadings say but what the evidence shows." Taylor v. U.S., 287 F.3d 658, 661 (7th Cir. 2002).

**Argument on Applicability of Summary Judgment**

In the case at bar, Defendant respectfully moves this Honorable Court for Summary Judgment, based on the following grounds: (1) Plaintiff cannot show a retaliatory motive by Defendant Gerberding for serving as a witness to a disciplinary report on September 17, 2003, as Defendant Gerberding was unaware of Plaintiff's grievance dated September 16, 2003; (2) Plaintiff cannot show a retaliatory motive by Defendant Gerberding for confiscating his television set, as Plaintiff was under audio/visual restrictions at that time for his disciplinary infractions on September 16; (3) Plaintiff cannot show a retaliatory motive by Defendant Gerberding for strip searching Plaintiff, as Defendant Gerberding was following what he understood to be institutional protocol for inmates entering the prison's law library; (4) Plaintiff cannot show Defendant Benton violated his constitutional rights by denying the grievance appeals submitted by Plaintiff; (5) To the extent Plaintiff seeks damages against Defendants in their official capacity, the Eleventh Amendment bars such recovery; (6) Plaintiff has not alleged, nor has he established, a physical injury and therefore the Prison Litigation Reform Act prevents recovery of mental or emotional damages; and (7) Defendants are protected under the doctrine of qualified immunity.

**II.     LAW ON RETALIATION AND CONSTITUTIONAL RIGHTS WITH RESPECT TO DISCIPLINARY REPORTS, STRIP SEARCHES, AND YARD TIME**

Inmates have a constitutionally-protected right of access to the courts in order to file non-frivolous litigation. Lewis v. Casey, 116 S.Ct. 2175, 2180-81 (1996). This right has been extended to encompass a prisoner's right to file a non-frivolous grievance in order to exhaust

2

his administrative remedies and obtain access to the courts. See Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996). An act by prison officials that would generally be proper becomes actionable under § 1983 when done in retaliation for the exercise of a constitutionally-protected right. Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir. 1987); see also Babcock, 102 F.3d at 276. Even though the conduct itself would not violate the constitution, such conduct can be deemed retaliatory if done with "an improper, retaliatory motive." Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005), citing Babcock, 102 F.3d at 275. The plaintiff's factual allegations must present a colorable claim of retaliation. Zimmerman v. Tribble, 226 F.3d 568, 574 (7th Cir. 2000). In examining these retaliation claims, courts give due consideration to legitimate penological reasons offered as an explanation for the conduct. Babcock, 102 F.3d at 275. The plaintiff has the burden of proving "by a preponderance of the evidence that his or her protected activity was a motivating factor in the defendant's retaliatory action." Spiegla v. Hull, 371 F.3d 928, 942 (7th Cir. 2004).

**A.     Law and Argument on Disciplinary Report**

The Illinois Department of Corrections has established a number of institutional rules governing the conduct of inmates. Among those rules are prohibitions against abuse of privileges and disobeying a direct order. See 20 ILL. ADMIN. CODE § 504, Appendix A (2005). Inmates receive various disciplinary sanctions for violation of these rules.

Plaintiff alleges that Defendant served as a witness to the September 17, 2003, Disciplinary Report in retaliation for Plaintiff's act of filing a grievance against Defendant Gerberding. (Undisputed Material Fact No. 10.) Yet at the time the Disciplinary Report was written, Defendant Gerberding was unaware of any grievances that had been filed by Plaintiff against him. (Undisputed Material Fact No. 23.) Thus, there is no evidentiary support for Plaintiff's claim that Defendant Gerberding retaliated against him for filing a grievance against

him. Furthermore, Defendant Gerberding did not write the report; it was brought by Officer Burger and Defendant Gerberding was merely listed as a witness to the incident. (Undisputed Material Fact No. 9.) Finally, Defendant Gerberding had no role in the review of the disciplinary charges or the decision to whether to impose any disciplinary measures upon Plaintiff. (Undisputed Material Fact Nos. 11, 24.) Plaintiff received the disciplinary report for legitimate penological reasons; Plaintiff violated institutional rules.

With respect to Plaintiff's allegation that Defendant Gerberding confiscated his television on October 2, 2003, in retaliation for Plaintiff filing the September 16 grievance (Undisputed Material Fact No. 14), Plaintiff cannot show the requisite retaliatory motive on Defendant Gerberding's part for this act. As an initial matter, Defendant Gerberding was unaware that Plaintiff had filed a grievance against him prior to October 7, 2003. Therefore, he had no knowledge at the time the television was confiscated that Plaintiff had filed a grievance against him. (Undisputed Material Fact No. 23.) Furthermore, a legitimate penological interest existed for the confiscation; namely, Plaintiff was denied one month of audio/visual privileges by the Adjustment Committee as a disciplinary measure for violating prison rules on September 17, 2003. (Undisputed Material Fact No. 11.) Defendant Gerberding was not a member of this committee and had no role in imposing disciplinary sanctions upon Plaintiff. (Undisputed Material Fact No. 24.) As inmates on audio/visual restriction are not permitted to have a television in their cell (Undisputed Material Fact No. 12), and this restriction was placed on Plaintiff for a one-month period (Undisputed Material Fact No. 11), Defendant Gerberding was acting in accordance with the Adjustment Committee's decision when he confiscated Plaintiff's television on October 2, 2003. Furthermore, Defendant Gerberding's reason for confiscating the television was the audio/visual restriction in effect. (Undisputed Material Fact No. 13.)

Under Spiegla, Plaintiff must prove that his act of filing lawsuits was a motivating factor in Defendant's act of witnessing a Disciplinary Report or confiscating his television. As Defendant Gerberding lacked any knowledge of Plaintiff's September 16 grievance prior to October 7, 2003, (Undisputed Material Fact No. 23), Plaintiff cannot show that his act of filing a grievance motivated Defendant's act of witnessing a Disciplinary Report issued by Officer Burger on September 17, 2003, or confiscating Plaintiff's television on October 2, 2003. Additionally, on October 6, 2003, shortly after he received the Disciplinary Report, Plaintiff filed a grievance against Defendant Gerberding, yet this grievance makes no mention of the September 17, 2003, Disciplinary Report or any alleged retaliation on Defendant's part in witnessing the report. (Undisputed Material Fact No. 25.) Plaintiff has the burden of proving retaliation on the part of Defendant, and Plaintiff has failed to present any evidence of retaliation. Therefore, Defendants respectfully requests this Honorable Court grant their Motion for Summary Judgment.

**B.     Law and Argument on Strip Search**

With respect to Plaintiff's claim that he was unlawfully strip searched on October 6, 2003, such a claim is a conditions of confinement claim under the Eighth Amendment. Claims alleging conditions of confinement that violate the Eighth Amendment are evaluated under the standards set forth in Farmer v. Brennan. Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001). The objective element requires that the deprivation alleged be sufficiently serious, denying the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To rise to the level of sufficiently serious, "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The subjective element requires that the defendant have a culpable state of mind, one of deliberate indifference. Delaney, 256 F.3d at 683. The prison official must "know of and disregard an

excessive risk to inmate health or safety." Del Raine v. Williford, 32 F.3d 1024, 1032 (7th Cir. 1994).

Strip searches conducted in the prison setting are permissible unless "maliciously motivated, unrelated to institutional security, and 'totally without penological justification.'" Whitman v. Nesic, 368 F.3d 931, 934 (7th Cir. 2004), citing Meriwether v. Faulkner, 821 F.2d 408, 418 (7th Cir. 1987). While strip searches may be an unpleasant aspect of prison life, they are not a constitutional violation if conducted for a legitimate penological purpose. Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003).

Plaintiff appears to rely on institutional rules regarding strip searches to argue that Defendants violated his constitutional rights. However, institutional rules are not relevant to the constitutional inquiry. Strip searches are not unconstitutional unless maliciously motivated and unrelated to a valid penological purpose. Here, Defendant Gerberding strip searched Plaintiff prior to Plaintiff entering the segregation law library based on his belief that offenders were to be strip searched prior to entering or upon leaving the prison law library. (Undisputed Material Fact No. 17-18, 21.) Such practices are consistent with ensuring that offenders do not bring contraband into the prison law library or leave with prison law library materials. Additionally, strip searches are routinely conducted at various correctional institutions for security reasons, and Plaintiff admits he has previously been strip searched while in the custody of the Department of Corrections. (Undisputed Material Fact No. 19.)

Under Spiegla, Plaintiff must prove that his act of filing lawsuits was a motivating factor in Defendant's act of strip searching him prior to entering the prison law library on October 6, 2003. As Defendant Gerberding lacked any knowledge of Plaintiff's September 16 grievance prior to October 7, 2003, (Undisputed Material Fact No. 23), Plaintiff cannot show that his act of filing a grievance motivated Defendant's act of strip searching him on October 6, 2003.

6

Furthermore, there was a legitimate penological interest in strip searching Plaintiff. Therefore, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment.

**C.     Law and Argument on Yard Time**

The same Eighth Amendment analysis applicable to strip searches extends to claims concerning denial of yard time. The Seventh Circuit has held that a short term denial of exercise may be unavoidable in the prison context and is "not so detrimental as to constitute a constitutional violation." Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir. 1997). Lack of exercise rises to a constitutional violation only in circumstances where the deprivation has been prolonged, resulting in a threat to the health of the individual. French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985).

Plaintiff alleges Defendant Gerberding violated his right to yard time by denying him access to yard on September 16, 2003. However, a one-day deprivation of yard time does not rise to the level of a constitutional violation. No threat to Plaintiff's health has been alleged or could reasonably be inferred from the one day denial. Furthermore, legitimate penological reasons existed for the lack of yard time; Plaintiff was not attired in the proper clothing to attend yard, and the proper attire could not be secured in time for Plaintiff to participate that day. (Undisputed Material Fact Nos. 5, 7.) As a one-day denial of yard time is not a constitutional violation, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment.

**III.    ARGUMENT ON DENIAL OF GRIEVANCE APPEALS WITH RESPECT TO YARD TIME AND STRIP SEARCHES**

Plaintiff does not assert a retaliatory motive on Defendant Benton's part; rather, he claims that Defendant Benton violated his constitutional rights when she denied his grievance

appeals, apparently on the basis that "Ms. Hile [now Benton] was made fully aware that Gerberding was in violation of the Administrative Rules and Regulations as well as state law and had the power to correct Defendant Mr. Gerberding's misconduct but chose to support it." (Undisputed Material Fact Nos. 8, 22.)

Defendant Hile reviewed two grievances filed by Plaintiff. The first grievance alleged a violation of Plaintiff's constitutional rights on the grounds that Plaintiff was denied one day of yard time. (Undisputed Material Fact Nos. 6-8.) As discussed in subpart C, above, denial of yard time for one day is not a constitutional violation. There must be a significant deprivation - for a significant period of time, affecting the inmate's health - before such lack of yard time becomes a constitutional violation. Defendant Benton recommended denial of the grievance based on information provided to her that indicated the lack of yard time for one day was due to an inability to locate proper attire for Plaintiff to enter the prison yard. (Undisputed Material Fact No. 7.) Furthermore, Defendant Benton was not aware of any institutional rules or state or federal laws that denial of a single day of yard time would violate. (Undisputed Material Fact No. 26.)

The other grievance alleged a violation of Plaintiff's constitutional rights based on a strip search that was performed on Plaintiff by Defendant Gerberding. (Undisputed Material Fact No. 20-22.) Plaintiff appears to rely on institutional rules regarding strip searches to argue that Defendants violated his constitutional rights. However, institutional rules are not relevant to the constitutional inquiry. As discussed in subpart B, above, strip searches do not present a constitutional violation unless done completely without penological justification, for malicious purposes only. Defendant Benton recommended denial of the grievance based on the fact that information was provided to her by Officer Gerberding indicating that inmates are routinely strip searched before entering and upon leaving the prison law library, in accordance with

Departmental policy. (Undisputed Material Fact No. 21.) Furthermore, Defendant Benton was not aware of any institutional rules or state or federal laws that a prison strip search would violate. (Undisputed Material Fact No. 26.)

As Plaintiff cannot show a violation of his constitutional rights for either the lack of yard time for a single day or for the prison strip search, and Defendant Benton relied upon information provided to her indicating that there were legitimate penological reasons for Defendant Gerberding's acts, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment.

## IV.     LAW ON OFFICIAL CAPACITY CLAIMS

The United States Supreme Court has established that damages cannot be recovered against a state official in that person's official capacity, as these judgments would necessarily be paid out of the state treasury and thus are barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 664-65 (1974). A claim against a state employee in his or her official capacity rather than individual capacity is a suit against the state. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Suits against state employees acting in their official capacities are barred by the Eleventh Amendment and may not be brought without the state's consent. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54-55 (1996). This is true even if the state has not been named as a party to the action. Edelman, 415 U.S. at 663.

### Argument on Official Capacity Claims

To the extent that Plaintiff seeks damages against Defendants in their official capacity, such a claim is in violation of the Eleventh Amendment and should be dismissed. Therefore, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment.

9

**V.   LAW ON RECOVERY OF DAMAGES UNDER THE PRISON LITIGATION REFORM ACT**

While Defendants maintain that no constitutional violation has occurred in this case, Plaintiff is barred from recovery of damages on mental or emotional grounds even if the suit should go forward.  Plaintiff's claims are subject to 42 U.S.C. § 1997e (e), which provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

**Argument on Recovery of Damages under the Prison Litigation Reform Act**

Plaintiff did not allege, nor has he established, a physical injury in this case.  Therefore, he is barred from recovering damages based on emotional or mental injury in this case.

**VI.   LAW ON QUALIFIED IMMUNITY**

Qualified immunity applies to government officials performing discretionary functions, shielding officials from liability for civil damages provided their conduct does not violate clearly established statutory or Constitutional rights.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity requires a judicial determination of whether a reasonable official would have understood that his actions were unlawful at the time that he acted.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  The threshold question is whether the facts alleged show the defendant violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If so, the next inquiry is whether the right was clearly established at the time of the violation.  Id.  The plaintiff has the burden of proving a clearly established right.  Snyder v. Nolan, 380 F.3d 279, 290 (7th Cir. 2004).

**Argument on Qualified Immunity**

There is no law in the Seventh Circuit to put Defendants on notice that conducting a strip search or denying one day of yard time would violate Plaintiff's Eighth Amendment or any other asserted constitutional rights. In other words, Plaintiff cannot make the threshold showing of a clearly established constitutional violation. For this reason, Defendants are entitled to qualified immunity on these claims.

## **CONCLUSION**

Plaintiff lacks the necessary evidentiary support for his claim of retaliation against Defendants, and Defendants therefore request this Court grant their Motion for Summary Judgment. Furthermore, Plaintiff cannot show the acts allege rise to the level of constitutional violations. Furthermore, to the extent Plaintiff seeks damages against Defendants in their official capacity, the Eleventh Amendment bars such recovery. Finally, Plaintiff failed to allege a physical injury and is accordingly barred from recovery of damages based on emotional or mental injury. Finally, Defendants are entitled to qualified immunity. For these reasons, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment.

Respectfully submitted,

DALE GERBERDING and SHERRY BENTON,
   Defendants,

LISA MADIGAN, Attorney General
State of Illinois,
s/Carrie K. Lacey
Carrie K. Lacey, #6283318
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 557-0261
Facsimile: (217) 524-5091
clacey@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL TOLBERT #N-03507, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1256 |
| | ) | |
| MR. G. GERBERDING #3066 | ) | |
| MS. SHERRY HILE | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2005, I electronically filed Memorandum of Applicable Law and Argument In Support of Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on August 29, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Tolbert, #N03507
Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434

Respectfully submitted,
s/Carrie K. Lacey
Carrie K. Lacey, #6283318
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 557-0261
Facsimile: (217) 524-5091
clacey@atg.state.il.us