IN THE
U.S.D.C. FOR THE
CENTRAL DISTRICT
OF ILLINOIS, PEORIA
DIVISION

MICHAEL TOLBERT
Plaintiff,

v.

MR. GERBERDIN, MS. HILE
Defendant

Case No. 04-1256

## PROOF/CERTIFICATE OF SERVICE

TO: Carrie R. Lacey #6283318
Assistant Attorney General
500 south second street
Springfield, IL 62706

TO: United States District Court
central District of Illinois
309 Federal Building
100 N.E. Monroe
Peoria, IL 61602

PLEASE TAKE NOTICE that on JULY 27-, 20 05, I have placed the documents listed below in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: 1. The Plaintiff Responses to the Defendant's Request to answer interrogatories; 2. Defendants Request for Production of Document attached; Two (2) affidavits Exhibit-A and B Contains witnesses; 4. Exhibit-C Shakedown Record.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 7-27-05

/s/ Michael Tolbert
NAME: Michael Tolbert
IDOC#: N-03507
Stateville Correctional Center
P.O. BOX - 112
Joliet, IL 60434

Revised Jan 2002

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
ILLINOIS PEORIA
DIVISION

MICHAEL TOLBERT #N-03507 )
        Plaintiff,          )
    v.                      )   NO. 04-1256
MR. G. GERBERDING #3066     )
                            )
MS. SHERRY HILE             )
        Defendants.         )

## THE PLAINTIFF RESPONSES TO THE DEFENDANTS' REQUEST TO ANSWER INTERROGATORIES

Now comes the Plaintiff, Michael Tolbert, Pro-se and hereby files this Responses to the Defendant's Request and state as follows:

1. Defendant's Interrogatory No. I: "Please Identify in detail Plaintiff's conduct that Plaintiff claim was Protected under the First Amendment."

Plaintiff Response: On September 16, 2003, Plaintiff had a Legal Right under the Constitution and the color of State Law to Recreational Yard which the Defendant Mr. Gerberding Denied Plaintiff.

Plaintiff had a Legal Right under the Constitution and the color of State Law to file an institutional Grievance Prior to Bring a claim against the Defendants in any Civil Court for the Denial of Yard without being Retaliated against for filing a Grievance!

2. Defendant's Interrogatory No. II: Please identify the acts Defendant Gerberding engaged in that Plaintiff

①

claims were retaliatory acts taken in response to Plaintiff protected conduct (as identified in interrogatory No. I).

Plaintiff Response: On September 17, 2003 Gerberding conspired with Officer Burger, to write Plaintiff a Disciplinary Report that was false; on October 2, 2003 Gerberding #3066 take it upon himself to confiscate Plaintiff color T.V; and on October 6, 2003 Defendant's Gerberding #3066 refuse Plaintiff the right to use the segregation law library prior to being <u>STRIPPED SEARCH</u>!

3. Defendant Interrogatory No. 3: "Please identify what evidence Plaintiff has that Defendant's allegedly retaliatory acts (as identified in interrogatory No. II) were motivated by Plaintiff's protected conduct (as identified in interrogatory No. I). If the evidence is in the form of witness testimony, identify the witness by full name and, if applicable, identification number. If the evidence is in form documents copies of those documents should be attached to Plaintiff's response to Defendants' request for production of documents."

Plaintiff Response: See attached Affidavit.

4. Defendant Interrogator No. 4: "Please specify the exact date when Plaintiff filed a grievance against Defendant Gerberding, what allegations that grievance contained, and what the resolution of the grievance was."

Plaintiff Response: Plaintiff filed Grievance on 9-16-04 against the Defendant Gerberding for Denial of yard; grievance was Denied. (12-1-03)

5. Defendants' Interrogatory No. V: Plaintiff received a disciplinary report September 17, 2003, indicating plaintiff committed offenses 310 (abuse of privileges) and 403 (disobeying a direct order). These charges were based on plaintiff "yelling to WCH 118 in a loud disruptive tone". State whether Plaintiff admits or denies that he committed the offenses alleged on September 17.

Plaintiff Response: Plaintiff denied he committed this offenses.

6. Defendant Interrogatory No. VI: Please identify any witnesses to the incident that occurred September 17, 2003, by full name and, if applicable, identification number. Plaintiff Response: None

7. Defendants Interrogatory No. VII: "Plaintiff's complaint alleges he was strip searched by officer Gerberding on October 6, 2003. Please identify whether Plaintiff has ever been strip searched by correctional officials other than officer Gerberding; and if so, please identify the institution(s) where the search(es) took place and approximate dates when the strip search(es) occurred."

Plaintiff Response: at Stateville C.C. 2003, Pontiac C.C. 2003 and Pinckneyville C.C. 2004, (but never strip searched to use the segregation or general population law library except on October 6, 2003).

8. Defendants Interrogatory No. VIII: "Describe in detail the conversation that occurred between Plaintiff and officer Gerberding on October 6, 2003, prior to Plaintiff entering the

(3)

Law Library". Plaintiff Response: On October 6, 2003 Plaintiff spoke with Defendant Gerberding #3066 concerning going to the General Law Library to prepare two (2) new handwritten summons since plaintiff was no longer in segregation status but still held in the segregation unit until transfer.

Gerberding then stated this request was out of the question.

Plaintiff then requested Defendant Gerberding #3066 to notify Lieutenant Mr. S. Punke, need to go to the Law Library which Defendant Gerberding #3066 stated he would.

Defendant Gerberding #3066 came back and stated the Lieutenant S. Punke, claim he could do nothing for Plaintiff.

Plaintiff then spoke with counselor Ms. Gragert, who was making her counselor rounds on W3 Gallery and Plaintiff informed her concerning Plaintiff legal issue and she informed Plaintiff she would speak with staff about at least getting Plaintiff to the Segregation Law Library.

About an hour and a half goes by after speaking with the counselor and no one has said anything to Plaintiff so Plaintiff asked Defendant Gerberding #3066 to give Plaintiff (5) five Grievances forms.

He, Gerberding #3066 returned about 20 minutes later with the Grievances forms and stated that he is going to take Plaintiff to the Segregation Law Library.

(4)

once Plaintiff came out the cell Defendant Gerberding #3066 toke Plaintiff to the shower and told Plaintiff he has to be stripped searched before entering Law Library and when Plaintiff leave Law Library.

Plaintiff then informed Defendant Gerberding #" that for the past five months Plaintiff have never been stripped searched going or coming from the segregation Law Library nor have Plaintiff heard any inmate from the East or West segregation Units claimed they was stripped searched prior to going to the Segregation Law Library.

The Defendant Gerberding forced Plaintiff to Strip search before using the Law Library.

9. Defendant Interrogatory No. 9: "Please identify whether any other persons were present on october 6, 2003, when Plaintiff was strip-searched by officer Gerberding prior to entering the segregation Law Library; and if so, please provide the full name and, if applicable, the identification number of those persons."

Plaintiff Response: There is no witnesses.

10. Defendant Interrogatory No. 10: "Specify what injuries Plaintiff sustained as a Result of Defendant Gerberding's alleged actions.

Plaintiff Response: Plaintiff was Deprived of First Amendment Right and Fourteenth when he Retaliate against Plaintiff for filing a Grievance.

11. Defendant Interrogatory No. 11: "Please identify what evidence Plaintiff intends to present in

(9)

support of his injuries claimed in interrogatory No. 8:

Plaintiff Response: Facts and case law Dewalt v. Carter 224 F.3d 607, 618 (7th Cir 1999).

12. Defendant Interrogatory No. 12: "Plaintiff's Complaint alleges violations of Plaintiff First, Eighth and Fourteenth Amendment Rights Please identify precisely how Plaintiff alleges Ms. Hile violated Plaintiff's Constitutional Rights"

Plaintiff Response: Defendant Ms. Hile, was and fully aware that Gerberding was in violation of the Administrative Rules and Regulations as well as State law and had the power to correct Defendant Mr. Gerberding misconduct but chose to support it after receiving Direct acknowledge of his misconduct.

13. Defendant Interrogatory No. 13: "Specify what injuries Plaintiff sustained as a Result of Defendant Hile's alleged actions".

Plaintiff Response: Plaintiff First, Eighth and Fourteenth amendment Rights was violated by Gerberding which could have been easiley prevented



14. Defendant Interrogatory No. 14: "Please identify what evidence Plaintiff intends to present in support of his injuries claimed interrogatory No. 11:"

Plaintiff Response: Facts and Case Law Dewalt v. Carter 224 F.3d 607, 618 (7th Cir 1999).

Michael Tolbert  av-03507

(6).

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | *Tolbert v. Gerberding,* |
| | ) | *Case No. 04-1256* |
| COUNTY OF LIVINGSTON | ) | |

## AFFIDAVIT

I, Dale Gerberding, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am employed as a Correctional Officer at Pontiac Correctional Center, a maximum-security correctional facility located in Pontiac, Illinois. I have been employed with the Illinois Department of Corrections since January 19, 1989.

2. As a Correctional Officer at Pontiac Correctional Center, I am not routinely involved in the review of offender grievances. I was not aware that Offender Michael Tolbert N-03507 had filed a grievance against me until the Facility Grievance Officer contacted me for my statement on or after October 7, 2003.

3. Although I was listed as a witness to the Disciplinary Report signed by Officer Michael Burger on September 17, 2003, I did not initiate the disciplinary charges against Offender Tolbert.

4. I have never had any role in the review of disciplinary charges or the decision whether to impose any disciplinary measures upon offenders at Pontiac Correctional Center.

EXHIBIT B

5. The Adjustment Committee that heard Offender Tolbert's September 17, 2003, Disciplinary Report placed Offender Tolbert on audio/visual restriction for a one- month period.

6. On October 2, 2003, I confiscated Offender Tolbert's television to enforce the audio/visual restriction placed on him by the Adjustment Committee.

7. I conducted a strip search of Offender Tolbert on October 6, 2003, prior to Offender Tolbert entering the prison's segregation law library.

8. As I understand Department of Corrections policy, offenders are to be strip searched before entering or leaving the segregation law library.

9. My reason for strip searching Offender Tolbert on October 6, 2003, was that Departmental policy required such strip searches on all offenders before entering or leaving the segregation law library.

10. I have never retaliated against Offender Tolbert or any other offender due to a grievance written on me.

_____ 3066
Dale Gerberding

Subscribed and sworn to before me
this 29th day of August, 2005.

_____
Notary Public

OFFICIAL SEAL
MICHELLE RAE CLARK
Notary Public, State of Illinois
My Commission Expires Sep. 13, 2008

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | *Tolbert v. Gerberding,* |
| | ) | Case No. 04-1256 |
| COUNTY OF LIVINGSTON | ) | |

## AFFIDAVIT

I, Sherry Benton, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am employed as a Chairperson of the Administrative Review Board, which reviews and makes recommendations on offender grievance appeals to the Director of the Illinois Department of Corrections.

2. On December 1, 2003, I reviewed and responded to a grievance from Offender Tolbert concerning denial of yard time for a one-day period while Plaintiff was housed at Pontiac Correctional Center.

3. I recommended denial of this grievance based on the fact that the offender only missed one day of yard time, and the reason for the lack of yard time was the inability to acquire the proper clothing for yard exercise, as the offender was still attired in a segregation jumpsuit.

4. On December 1, 2003, I reviewed and responded to a grievance from Offender Tolbert concerning a strip search conducted on October 6, 2003, prior to the offender entering a segregation law library at Pontiac Correctional Center.

5. I recommended denial of this grievance based on the fact that Officer Gerberding, the correctional officer who conducted the strip search,


EXHIBIT C

advised that prison policy requires inmates to be strip searched both before entering and after leaving the segregation law library.

6. To the best of my knowledge and belief, neither a denial of one day of yard time nor a strip search constitutes a violation of any rules of the Illinois Department of Corrections or state or federal law.

_Sherry Benton_ (signature)
Sherry Benton

Subscribed and sworn to before me this 29th day of August, 2005.

_Melody J. Ford_ (signature)
Notary Public

OFFICIAL SEAL
MELODY J. FORD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-5-2007