UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TOLBERT,
    Plaintiff,

vs.                                                                            04-1256

DALE GERBERDING, et al.,
    Defendants.

ORDER

    This cause is before the court for consideration of the defendants' motion for summary judgement. [d/e 24]. The plaintiff asked for additional time to file a response to the dispositive motion which the court granted. *See* September 23, 2005. More than four months have passed since the extended deadline, and the plaintiff has failed to file a response. Therefore, the court will consider this motion without input from the plaintiff.

BACKGROUND

    The plaintiff, Michael Tolbert, filed this complaint pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated at Pontiac Correctional Center. The plaintiff named two defendants including Officer Dale Gerberding and Administrative Review Board Member Sherry Hile Benton. The court conducted a merit review of the plaintiff's complaint and found that he had adequately alleged that the defendants retaliated against him in violation of his First Amendment rights. Specifically, the plaintiff alleged that on September 16, 2003, he filed a grievance against Defendant Gerberding for his failure to allow the plaintiff yard time. The plaintiff says from then on, the defendants participated in a campaign of retaliation against him which included: 1) conspiring with Officer Burger to write a false disciplinary ticket; 2) taking the plaintiff's television on October 2, 2003; 3) denying the plaintiff access to the law library; 4) forcing the plaintiff to undergo a strip search and 5) interfering with his legal mail.

FACTS

    Since the plaintiff has not responded to the pending dispositive motion, the following facts are taken from the plaintiff's complaint, defendants' motion for summary judgement and exhibits attached to both.

    The plaintiff was incarcerated at Pontiac Correctional Center from March 21, 2003 to October 5, 2003 in the segregation unit. On September 16, 2003, Defendant Gerberding denied the plaintiff yard privileges for one day. The plaintiff was denied yard time because he was not in the required clothing for yard exercise and was still wearing his segregation jumpsuit. The plaintiff responded by filing a grievance against Defendant Gerberding. The grievance was

denied.

The plaintiff appealed the denial of his grievance. Defendant Hile Benton was the chairperson of the Administrative Review Board and responsible for reviewing the plaintiff's appeal. Hile Benton sent a letter to the plaintiff dated December 1, 2003 informing the plaintiff that she had denied his grievance. Hile Benton stated that:

> Officer Gerberding was contacted and stated that every effort was made to acquire the appropriate clothing. Unfortunately, R & D could not provide the clothes until after the time allotted for yard. Inmate Tolbert was in non-compliance and therefore could not attend yard. (Comp, Ltr Ex)

Benton says she denied the grievance "based on the fact that the offender only missed one day of yard time" and the inability to acquire the proper clothing. (Def. Memo., Benton Aff., p. 1).

On September 17, 2003, Officer Burger wrote a disciplinary report against the plaintiff accusing him of violating prison rule 310, abuse of privileges; rule 403, disobeying a direct order; and rule 404 violation of rules. The report states that Officer Burger told the plaintiff to stop yelling to another inmate in a loud, disruptive tone. The officer claims the plaintiff continued to yell and ignore the officer's order. Officer Burger listed Defendant Gerberding as a witness to the event.

The plaintiff claims Gerberding conspired with Officer Burger to write this "false" ticket and agreed to be a witness in retaliation for the plaintiff's September 16, 2003 grievance. Defendant Gerberding says although he was listed as a witness, he did not initiate the disciplinary charges against the plaintiff. Gerberding further says he has never had any role in the review of
disciplinary charges or the decision of whether to impose disciplinary sanctions against an inmate. Lastly, the defendant says he was not aware the plaintiff had filed a grievance against him until he was contacted for his statement on or after October 7, 2003.

As a result of the disciplinary ticket, the Adjustment Committee revoked the plaintiff's audio/visual privileges for one month. Inmates on this restriction are not allowed to have a television in their cells. On October 2, 2003, Defendant Gerberding confiscated the plaintiff's television.

On October 6, 2003, Defendant Gerberding conducted a strip search of the plaintiff prior to his entering the segregation library. Gerberding says its his understanding that department policy requires officers to strip search all inmates as they come and go from the segregation law library. The plaintiff's complaint alleges that the defendant did not strip search any other inmates. The plaintiff also alleges that he had not been strip searched during the previous five

months coming and going from the segregation law library.  The plaintiff does admit that he had been strip searched by other officers at various facilities including Stateville, Pontiac and Pinckneyville, but its not clear when those searches took place.

The plaintiff filed a grievance concerning the October 6, 2003 strip search.  The grievance was denied. Defendant Hile Benton also reviewed the plaintiff's appeal of this grievance.  Hile Benton says she denied this appeal based on the fact that Officer Gerberding stated that prison policy required officers to search inmates before and after visiting the segregation law library.

## LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c).  A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.  Nonetheless, "(s)ummary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## ANALYSIS

The defendants argue that the plaintiff has failed to demonstrate that either of the defendants retaliated against him.  A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right may be liable to that prisoner for damages. Babcock v.White, 102 F.3d 267, 275 (7th Cir. 1996). "Prisoners have a constitutionally protected right to complain about prison conditions." Cole v. Litscher, 2005 WL 627791 at 6(W.D. Wisc 2005) To prevail on a retaliation claim, the plaintiff must show that his constitutionally protected conduct was one of the factors that motivated the defendants to take adverse action against him.  See Cole, 2005 WL 627791 at 6.;Mt Healthy Board of Education v. Doyle, 429 U.S. 274, 287 (1977). "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant...to prove by a preponderance of evidence that the same actions would

3

have occurred in the absence of the protected conduct." Spiegla v Hull, 371 F.3d 928, 943 (7th Cir. 2004).

The plaintiff has not met his burden in regard to Defendant Hile Benton. Hile Benton was the chairperson of the Administrative Review Board. She was not personally involved in any of the acts the plaintiff alleges were retaliatory. She is simply named as a defendant because she reviewed his grievances concerning the denial of yard time and the strip search and denied them. Defendant Hile Benton has provided evidence that she did investigate the claims in the plaintiff's grievances and relied upon information from Officer Gerberding. The plaintiff has presented no evidence to demonstrate that this defendant had any reason to retaliate against the plaintiff nor that she was in any way motivated by a desire to retaliate against the plaintiff.

The plaintiff has also not demonstrated that Defendant Gerberding was retaliating against him. The plaintiff first alleges that Defendant Gerberding conspired with another officer to write a false disciplinary ticket and then agreed to be a witness to the offense. The plaintiff alleges both acts where in retaliation for a grievance the plaintiff had filed against Gerberding. There is no evidence before this court that the defendant was aware of the grievance.

The plaintiff says he filed his grievance on September 16, 2003, but the disciplinary ticket was issued the very next day on September 17, 2003. Gerberding says he was unaware of the grievance and there is no evidence before the court to refute that claim. Gerberding is not involved in the grievance process and would have no reason to know when a grievance is filed. The counselor's response on the grievance indicates the counselor did not receive the grievance until September 30, 2003. In addition, the grievance was not forwarded to the grievance officer until October 7, 2003. Sometime between October 7, 2003 and October 29, 2003, the grievance officer contacted Gerberding about the complaint. There is no evidence he would have any reason to know about the grievance prior this date.

In addition, the disciplinary report was not written by Defendant Gerberding, but by another officer. The other officer claims he gave the plaintiff an order which the plaintiff failed to follow.

There is also no evidence beyond the plaintiff's conclusion that Gerberding confiscated his television as an act of retaliation. The defendant was a not involved in the decision to take any disciplinary measures against the plaintiff. The Adjustment Committee decided to revoke the plaintiff's audio/visual privileges and therefore the plaintiff could not have a television in his cell. The only evidence before the court is that Defendant Gerberding was enforcing the decision of the Adjustment Committee. In addition, the televison was taken on October 2, 2003. Again, there is no evidence the defendant even knew about the plaintiff's grievance before October 7, 2003.

The plaintiff further claims that Officer Gerberding strip searched the plaintiff on October 6, 2003 to retaliate against him for the grievance. The defendant claims it was prison policy to strip search all inmates coming and going from the prison law library. The plaintiff says he had not been strip searched on his trips to the segregation law library in the proceeding five months. He also includes a statement from another inmate claiming he was not strip searched on his way to the segregation law library by Gerberding or any other officer.

While the inconsistency of searches at Pontiac Correctional Center is problematic, the defendant has stated a valid penological reason for conducting a strip search of inmates coming to and from the segregation law library. In addition, the strip search took place before Gerberding had any reason to know about the plaintiff's grievance. The plaintiff has not demonstrated that the defendant was motivated by a desire to retaliate against the plaintiff.

The defendants argue that a denial of one day of yard time does not rise to the level of a constitutional violation. This was not a claim identified by the court in its December 2, 2004 merit review of the plaintiff's complaint nor has the plaintiff since indicated that this was an intended claim. Therefore, it will not be addressed by the court.

The defendants did not address the plaintiff's claim that they retaliated against him when they interfered with his legal mail. However, the only mention of this claim in the body of plaintiff's amended complaint is the following:

> On October 3, 2003, Plaintiff received two court summons from the Clerk of the Circuit Court of Will County on the 3 to 11 shirt by s/o G. Jones that had been cut in half by mail rom when opening mail.

There is no allegation or information in the body of the plaintiff's complaint that either defendant had any personal knowledge or involvement with this claim. An individual is only liable under §1983 only if he or she was "personally responsible for the deprivation of a constitutional right." Sanville v. McCaughtry, 266 F.3d 724, 739 (7th Cir. 2001), *citing* Chavez v. Illinois State Police, 251 F.3d 612, 652 (7th Cir. 2001); Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Therefore, the court will dismiss this claim.

The court will grant the defendants' motion for summary judgement on the plaintiff's claim of retaliation. There is no evidence Defendant Hile-Benton was motivated by retaliation. There is no evidence Defendant Gerberding was motivated by retaliation or even aware of the grievance filed against him. The plaintiff's only evidence is the fact that he filed his grievance before the defendants took any action against him. Temporal proximity alone cannot establish retaliation." Hall-Bey v. Hanks, 2004 WL 627016 at 3(7th Cir. 2004). In addition, simply alleging the fact of retaliation is not enough. Benson v. Cady, 761 F.2d 335, 342 (7th Cir. 1985).

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion for summary judgement is granted pursuant to** Fed**. R. Civ. P. 56. [d/e 24]   The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**2) The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**3) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5 The clerk is directed to mail a copy of this order to the plaintiff*s place of confinement to the attention of the Trust Fund Office.**

ENTERED this 8th day of March, 2006.


                       s\Harold A. Baker
             _____
                      HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE